THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN SPAGNOLIA, Appellant.

Fourth Department, November 8, 1940.

*Stone & Hoffenberg* [ *Harold H. Stone* of counsel], for the appellant.

*Daniel J. O'Mara, District Attorney* [*Clarence J. Henry, Assistant District Attorney,* of counsel], for the respondent.

PER CURIAM. The defendant was convicted of criminally receiving stolen property valued at twenty-five dollars. We believe that the evidence shows that the defendant was guilty of the crime of which he was convicted.

The crime was committed on the 28th day of January, 1939, and the defendant was sentenced on the 24th day of May, 1939. At the time the crime was committed, the punishment therefor was imprisonment for not more than twenty years or a fine of not more than $1,000, or both such fine and imprisonment. (Penal Law, § 1308.) This punishment applied to first offenders.

It is provided in section 1941 of the Penal Law that a person convicted of a second felony must be sentenced to imprisonment for a term not less than the longest term prescribed upon a first conviction of such felony and a maximum of twice such term. It was thus mandatory upon the court below to impose a sentence of twenty to forty years. The punishment prescribed for criminally receiving stolen property has been reduced to imprisonment for

not more than ten years or a fine of not more than $1,000, or both such fine and imprisonment. (Penal Law, § 1308, as amd. by Laws of 1940, chap. 443, effective June 1, 1940.)

Upon this appeal the Appellate Division has the power to reduce the sentence imposed to a term " not lighter than the minimum penalty provided by law for the offense of which the defendant " has been convicted. (Code Crim. Proc. § 543.) This court " has complete jurisdiction " to reduce the sentence imposed upon this defendant. (*People* v. *Speiser*, 277 N. Y. 342, 344.)

A statute reducing punishment for a crime may apply to a crime committed before the enactment of such statute. (*People ex rel. Pincus* v. *Adams*, 274 N. Y. 447.)

We have the power to impose the sentence " provided by law " for the crime of which the defendant stands convicted. Undoubtedly, this power was given to us for the purpose of enabling the court to mitigate a sentence which is unduly severe. The Legislature by its amendment of the Penal Law enacted this year, recognized that the punishment previously required to be imposed upon an offender convicted of criminally receiving stolen property was too severe. We should liberally construe the grant of power to reduce sentences as giving us the right to base the sentence upon the law in force at the time we decide the appeal.

We believe that the judgment of conviction should be modified as a matter of discretion by reducing the sentence imposed upon the defendant to imprisonment for a term not less than ten years and not more than twenty years, and as thus modified, should be affirmed.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Judgment of conviction modified on the facts as a matter of discretion by reducing the sentence of imprisonment of twenty to forty years to imprisonment from ten to twenty years, and as so modified the judgment is, together with the order, affirmed.