THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY SMITH, Relator, v. WILLIAM HUNT, as Warden of Attica State Prison, Attica, N. Y., Respondent.

Supreme Court, Wyoming County, September 4, 1941.

*Stanley Smith*, relator, in person.

*John J. Bennett, Jr., Attorney-General [Irene O'Sullivan* of counsel], for the respondent.

HINKLEY, J. Relator has sought and obtained a writ of habeas corpus. He raises but one question. Relator, as a fourth offender, was sentenced on December 14, 1937, to a term of twenty years to life on a conviction of criminally receiving stolen property. Section 1308 of the Penal Law at that time provided that the crime was punishable by imprisonment for not more than twenty years. Section 1942 of the Penal Law at that time provided that the minimum sentence for a fourth offender should not be less than the maximum term provided for first offenders, and in any event the minimum for the fourth offense should not be less than fifteen years. There is no question but that the sentence at the time it was imposed was legally correct. The court upon the return of a writ of habeas corpus has, therefore, no authority to interfere with that sentence, even though thereafter the term of imprisonment was reduced by chapter 443 of the Laws of 1940 from twenty to ten years.

The relator calls attention to the case of *People* v. *Spagnolia* (260 App. Div. 551), where the Appellate Division in this department upon an appeal reduced the sentence of defendant as a second offender from a minimum of twenty years and a maximum of forty years, to a minimum of ten years and a maximum of twenty years. The Appellate Division did not determine as matter of law that the reduction of penalty provided by chapter 443 of the Laws of 1940 was retroactive. The Appellate Division acted in accordance with section 543 of the Code of Criminal Procedure which gives to that court humane power to reduce an excessive sentence. No such power vests in this court upon the return of a writ of habeas corpus. Had relator appealed from his conviction, as did Spagnolia, the Appellate Division might have exercised its power to

reduce his sentence. The Board of Parole apparently has no power to reduce the imprisonment of relator as it will not acquire jurisdiction of him until he has served a period of time equal to the minimum sentence of twenty years imposed upon him. (Correction Law, § 212, as amd.)

The court suggests to the relator that at the expiration of his service in prison of fifteen years he apply to the Governor, who apparently has the power to render to him the same consideration as that given to Spagnolia if, in the opinion of his Excellency, the relator so merits. (Code Crim. Proc. § 692.)

Under the circumstances the writ must be dismissed, in the language of the Court of Appeals in *People* v. *Speiser* (277 N. Y. 342), " but we do so solely for lack of power."

Writ dismissed and relator remanded to custody.