THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. CHARLES M. McGOWAN, Defendant.

County Court, Cattaraugus County, January 9, 1951.

*John E. Dusenbury* for defendant.

*J. Richmond Page, District Attorney,* for plaintiff.

NEVINS, J.   Charles McGowan committed a robbery on June 2, 1932, in Erie County. He was convicted of this offense in September, 1932, and sentenced to a term of five to ten years.

On May 31, 1932, he committed a robbery in Cattaraugus County, but was not convicted of this crime until almost five years later, on May 21, 1937, and was sentenced to thirty years plus five years for being armed at the time of the commission of the crime.

He comes before this court on a writ of *coram nobis* claiming that he should have been sentenced to an indeterminate sentence pursuant to section 2189 of the Penal Law as it existed at the time of his sentence, rather than pursuant to the same section as it existed at the time of the commission of the offense.

The gist of his argument being that he should not be considered as a second offender because the crime for which he was sentenced in this county was his first criminal act having been committed May 31, 1932, even though his trial and conviction for this first offense took place at a time when he had been convicted of a subsequent offense. Section 2189 as it existed at the time of his conviction and sentence would permit this interpretation; as the section read at the time of the commission of the crime it would not.

He also complains of the five years' additional sentence for being armed, because he was not armed.

From an examination of the record in this case, it is apparent that his accomplice in the robbery was armed but there is not the slightest indication that this defendant was armed.

The Court of Appeals in *People* v. *Paradiso* (248 N. Y. 123, 126) said: " When one of two or more criminals has a dangerous weapon, the degree of the crime which all commit may be raised by reason of the weapon—all acting together are guilty of the same crime, but when it comes to the punishment, the one having the weapon is to get an additional sentence as provided in section 1944. The intention of the Legislature was to discourage the carrying of weapons and to make an added risk in committing crime to the one having the pistol or the gun."

The five-year additional sentence for being armed should not have been imposed.

As to the other point raised, there seems to be some conflict in the case law. This was particularly true at the time the defendant was sentenced, but this court now has the benefit of cases which have been decided by higher courts after the sentence in this case; and the rule laid down seems to be that a statute, enacted subsequent to the offenses that increases the punishment, does not govern the punishment but rather the law at the time of commission. The opposite is true if the new enactment reduces the punishment.

The Court of Appeals in *People* v. *Roper* (259 N. Y. 170, 180) said: "In the absence of a clause excluding from its provisions offenses previously committed, the law as amended applies in all trials held thereafter, even for offenses previously committed."

Our Appellate Division in *People* v. *Spagnolia* (260 App. Div. 551, 552) said: "We have the power to impose the sentence 'provided by law' for the crime of which the defendant stands convicted. Undoubtedly, this power was given to us for the purpose of enabling the court to mitigate a sentence which is unduly severe. The Legislature by its amendment of the Penal Law enacted this year, recognized that the punishment previously required to be imposed upon an offender convicted of criminally receiving stolen property was too severe. *We should liberally construe the grant of power to reduce sentence as giving us the right to base the sentence upon the law in force at the time we decide the appeal.*" (Italics supplied.)

In *People ex. rel. Gondelman* v. *Snyder* (259 App. Div. 939) which seems to be controlling in this case, the defendant was first convicted on November 27, 1933, for the crime of robbery second degree, committed April 3, 1932, and given a sentence of five to ten years. On July 28, 1938, defendant pleaded guilty to robbery third degree committed February 6, 1932, and was sentenced for a term of seven years, six months to fifteen years. Defendant argued that under section 1941 of the Penal Law his last sentence was illegal because, having been previously convicted, a determinate sentence should have been pronounced. The court held that since "*both* of [defendant's] *crimes* were committed before either conviction ＊ ＊ ＊ an *indeterminate sentence* was proper in each instance."

The defendant should be sentenced to an indeterminate sentence.

Prepare order for return of defendant for resentence.