UNITED STATES of America, Plaintiff,

v.

**David Bruce TAYLOR, Defendant.**

No. 84–CR–0139A.

United States District Court,
D. Utah, C.D.

Jan. 14, 1988.

Wayne T. Dance, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff.

David Bruce Taylor, pro se.

## OPINION

ALDON J. ANDERSON, Senior District Judge.

On September 27, 1984, defendant was charged with possession with intent to distribute 2,937 grams of cocaine. He was convicted on November 26, 1984 and on January 11, 1985 he was sentenced by this court to eight years imprisonment plus a three-year special parole term, pursuant to 21 U.S.C. 841(b)(1)(A).

Defendant now argues that Section 841 was amended effective October 12, 1984, over a month before his conviction, to eliminate the mandatory special parole term for his offense. He claims that the court's application of the pre-amendment statute was inappropriate and asks the court to excise the special parole term from his sentence.

The pre-amendment statutes provide for a term of imprisonment not to exceed 15 years, a fine not over $25,000, or both. The statute additionally required that a special parole term of at least 3 years accompany any prison term.[1] The 1984

---

1. Pre-amendment 21 U.S.C. § 841(b)(1)(A) (1982) provided:

   **(b) Penalties.**

   Except as otherwise provided in section 845 of this title any person who violates subsection (a) of this section shall be sentenced as follows:

   (1)(A) In the case of a controlled substance in Schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. ... Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment.... Title 21 U.S.C. § 841(c) (Supp. III 1985) now provides:

   **(c) Special parole term.**

   A special parole term imposed under this section or section 845 [or] 845a of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was

amendment increased the maximum prison term from 15 to 20 years and increased the maximum fine from $25,000 to $250,000, but deleted the mandatory special parole term.[2] Defendant argues that the court should have applied the amended statute and requests, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure,[3] that the court excise the special parole term from his sentence.

## DISCUSSION

The irony in this case is that defendant requests application of the statute that was intended by Congress to be more onerous. The 1984 amendment increased the maximum possible prison sentence by 33% and increased the maximum possible fine tenfold. Ordinarily, application of a statute enacted after commission of the crime is barred by the constitutional prohibition against ex post facto legislation, where the statute imposes a more onerous penalty than the law provided for when the crime was committed. In this case, however, defendant asks the court to focus only on that part of the subsequently enacted statute which is ameliorative in its effect. It is clear that a defendant cannot pick and choose his favorite provisions from among several potentially applicable statutes. If defendant were to be resentenced under the 1984 amendment, he would be subject to all the penalties for which it provides. For the sake of argument, however, the court will treat the 1984 amendment as ameliorative and beyond the pale of the ex

post facto clause. Indeed, since defendant was sentenced to only eight of a possible 15 years in prison, it is doubtful that the sentence would be increased merely because the maximum was increased to 20 years or because the special parole term was no longer mandatory.

The critical question of this case, therefore, is whether the court may apply ameliorative legislation which became effective after commission of the crime but before conviction. On the facts of this case, the court feels that the law in effect when the crime was committed should be applied.

Title 1 U.S.C. § 109 suggests that this court is obliged to sentence defendant under the law in effect when he committed the crime. It reads:

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

The same rule should apply to the amendment of a statute and, therefore, the 1984 amendment did not release defendant from any penalty incurred under the previous version.

Even if this court is not required to apply the preamendment statute, the cases indicate that it probably should do so. In *U.S.*

---

spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section or section 845 [or] 845a of this title shall be in addition to, and not in lieu of, any other parole provided for by law.

Title 21 U.S.C. § 812 (Supp. III 1985) sets out schedule II and includes in part:

(4) Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgonine.

**2.** The 1984 amendment of § 841(b)(1)(A) provided:

[A]ny person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a violation of subsection (a) of this section involving— ...

(ii) a kilogram or more of any other controlled substance in Schedule I or II which is a narcotic drug; ... such person shall be sentenced to a term of imprisonment of not more than 20 years, a fine of not more than $250,000, or both.

**3.** Rule 35(a) provides: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

*ex rel Scott v. Illinois Parole and Pardon Board,* 669 F.2d 1185, 1192 (7th Cir.1982), the court said:

> States are certainly free to amend their sentencing laws and, having done so, they are not required to apply them retroactively to persons who have been validly sentenced under the law as it previously existed.

The court stated a general proposition of law applicable to Congress as well as to the states. The court then said:

> While it is unclear whether application of the new sentencing procedure here would result in a longer or shorter term of imprisonment, in either case Scott has no right to have the new law applied. Having been properly sentenced under the law as it existed at the time of his conviction, he is not entitled to modification at this time.

There appears to be no obstacle—constitutional or otherwise—to applying the old statute. The ex post facto prohibition applies only to retroactive legislation. The preamendment version was in effect when defendant committed the crime and ex post facto rules are inapplicable. Sentencing under the pre-amendment law is fair. Defendant had adequate—if only constructive—notice of the penalties under that law when he committed the crime.

There is authority, however, holding that the applicable sentencing law is that which is in effect at sentencing. In *People v. McGowan,* 199 Misc. 1, 104 N.Y.S.2d 652, 653 (1951), the court said:

> "... a statute, enacted subsequent to the offenses that increases the punishment, does not govern the punishment but rather the law at the time of commission. The opposite is true if the new enactment reduces the punishment."

The court also quoted two other New York cases:

> "In the absence of a clause excluding from its provisions offenses previously committed, the law as amended applies in all trials held thereafter, even for offenses previously committed." *People v. Roper,* 259 N.Y. 170, 181 N.E. 88, 92.

"We should liberally construe the grant of power to reduce sentences a giving us the right to base the sentence upon the law in force at the time we decide the appeal." *People v. Spagnolia,* 260 A.D. 551, 23 N.Y.S.2d 966, 968.

In *Chatman v. Marquez,* 754 F.2d 1531, 1536 (9th Cir.1985), defendant had been sentenced under an indeterminate sentencing law, but came up for parole under a newly enacted determinate sentencing law. The court said:

> "... Appellant is entitled to the *least* onerous of the three possible sentences provided by the [indeterminate sentencing law] and [the newer determinate sentencing law]. The fact that one isolated factor that is less favorable to appellant may be considered under the generally more favorable statute is irrelevant, at least where the more favorable provisions of the new law fully compensate for it."

And in *Commonwealth v. Vaughn,* 329 Mass. 333, 108 N.E.2d 559 (1952), the Massachusetts Supreme Court expressed a preference for application of the ameliorative law, explaining that legislative mitigation is an act of clemency.

On the facts of the present case, the court feels that application of the pre-amendment law more nearly reflects Congress' desires. An examination of the 1984 amendment in its entirety as well as the 1986 amendment casts some doubt on Congress' intention to delete the mandatory special parole term for defendant's offense. Subparagraphs (B) and (C) of the 1984 amendment set the punishment for possession of narcotics in quantities greater than those for which defendant was convicted under subparagraph (A). Both (B) and (C) of the amendment retained the mandatory special parole term. In 1986, Congress again amended the sentencing provisions of § 841 to require either a term of supervised release or a special parole term for all § 841 offenses, including that for which defendant was convicted. While this court is clearly bound by the plain language of whichever statute it applies, it cannot ig-

nore the legislative context in which the language exists.

Whatever Congress' intention may have been with regard to special parole terms, it is clear that Congress did not intend to mitigate the punishment for defendant's offense. As noted, the 1984 amendment raised the maximum possible sentence from 15 to 20 years and the maximum possible fine from $25,000 to $250,000. In 1986, Congress again raised the maximum possible sentence to 40 years, also imposing a minimum sentence of 5 years, and raised the maximum possible fine to $2 million and imposed a mandatory 4–year term of supervised release.

### CONCLUSION

The court feels that 1 U.S.C. § 109 deprives it of authority to sentence defendant under the 1984 amended version of 21 U.S. C. § 841. Even if the court had autority to apply the newer law, it would not be appropriate on the facts of this case. Perhaps defendants should have the benefit of Congress' enhanced wisdom where it has determined that the offense was not as serious as initially contemplated. In this case, however, Congress has expressed increasingly greater concern with defendant's crime and has increased the penalty accordingly. There is no intended clemency to be applied.