**UNITED STATES of America, Appellant,**

v.

**Marjorie J. JACOBS.**

**No. 90–5339.**

United States Court of Appeals, Third Circuit.

Argued Oct. 11, 1990.

Decided Nov. 13, 1990.

Wayne P. Samuelson (argued), Office of U.S. Atty., Lewisburg, Pa., for plaintiff/appellant.

James V. Wade (argued), Office of Federal Public Defender, Harrisburg, Pa., for defendant/appellee.

Before MANSMANN, COWEN and ALITO, Circuit Judges.

### OPINION OF THE COURT

COWEN, Circuit Judge.

This appeal requires us to decide whether a defendant is eligible for probation

based on the offense classification in effect at the time she committed the offense or at the time she was sentenced. Specifically, we must decide whether 1 U.S.C. § 109 (1985), commonly referred to as the "saving statute," prevents an amendment of 18 U.S.C. § 3559(a) (1985 & Supp.1990) that came into effect after the defendant, Marjorie Jacobs committed the offense from rendering her eligible for probation under 18 U.S.C. § 3561 (1985 & Supp.1990). Applying the Supreme Court's reasoning in *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974), we find that the saving statute does apply to amendments in statutory classification schemes that affect probation eligibility. Accordingly, we will vacate the sentence imposed by the district court and remand for sentencing in accordance with the version of 18 U.S.C. § 3559(a) in effect at the time Jacobs committed the offense.

## I.

The offense at issue in this case occurred on February 21, 1988. On that day Jacobs visited an inmate at the United States Penitentiary at Lewisburg and gave him approximately twenty grams of cocaine. She was charged by information with a violation of 21 U.S.C. § 841(a)(1) (1981) and thereafter entered a plea of guilty. The maximum prison term authorized for a violation of section 841 is twenty years. 21 U.S.C. § 841(b)(1)(C) (Supp.1990). Section 841 does not assign a grade to this offense.

A defendant's eligibility for probation is determined by 18 U.S.C. § 3561. Section 3561(a)(1) provides that an individual who is convicted of a Class B felony may not be sentenced to probation, while an individual convicted of a Class C felony is eligible for probation. Ungraded offenses, such as the one committed by Jacobs, are classified pursuant to 18 U.S.C. § 3559(a). At the time that Jacobs committed her offense, it was classified as a Class B felony because

the maximum authorized term of imprisonment is twenty years. 18 U.S.C. § 3559(a)(1)(B) (1985). Section 3559(a) was amended on November 18, 1988, changing the classification of offenses with maximum prison terms of twenty years from B to C. Minor and Technical Criminal Law Amendments Act of 1988, Pub.L. No. 100–690, Title VII, § 7041, 102 Stat. 4399 (1988) (codified as amended at 18 U.S.C. § 3559(a)(3) (Supp.1990)). Thus, Jacobs was ineligible for probation at the time she committed the offense, and eligible for probation at the time of sentencing. The district court judge found that her offense was a class C felony, applying the classification in effect at the time of sentencing, and sentenced her to a two year term of probation, along with a $500 fine and a $50 special assessment.[1] We have jurisdiction to hear the government's appeal of that sentence pursuant to 28 U.S.C. § 1291 (Supp.1990) and 18 U.S.C. § 3742(b) (1985 & Supp.1988).

## II.

The issue before us is whether the district court should have applied the classification statute in effect at the time of sentencing or the statute in effect at the time the offense was committed. The general rule, as developed at common law, requires a court "to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Bd. of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). In order to prevent the repeal of a criminal statute from abating criminal prosecutions that had been initiated but had not reached final disposition, Congress passed a general saving statute. *See Marrero*, 417 U.S. at 660, 94 S.Ct. at 2536–37. The current saving statute, in effect since 1947, provides, in part:

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred

---

1. In imposing this sentence, the district court departed downward from the applicable Federal Sentencing Guideline range, based upon its finding that Jacobs was acting under duress when she committed her offense. The appropriateness of this departure is not before us on this appeal.

under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

1 U.S.C. § 109. Because we find that ineligibility for probation is a type of penalty, we hold that section 109 applies to amendments of statutory classifications that render a defendant eligible for probation.

We base our holding on the Supreme Court's reasoning in *Marrero*. Marrero was ineligible for parole pursuant to a statute in effect at the time that he was sentenced. After that statute was repealed, he initiated a habeas corpus proceeding to determine his parole eligibility status. The Court held, *inter alia*, that 1 U.S.C. § 109 barred the Parole Board from considering Marrero for parole. The Court concluded that, along with preventing the abatement of prosecutions, the saving statute prohibits the application of ameliorative sentencing laws, noting that the terms "penalty," "liability," and "forfeiture" in the statute apply to all forms of punishment. *Marrero*, 417 U.S. at 661, 94 S.Ct. at 2537. The Court then concluded that parole ineligibility is a form of punishment encompassed by 1 U.S.C. § 109. *Marrero*, 417 U.S. at 662–64, 94 S.Ct. at 2537–39.

In support of this conclusion, the Supreme Court reasoned that "only an unusual prisoner could be expected to think that he was not suffering a penalty when he was being denied eligibility for parole." *Id.* at 662, 94 S.Ct. at 2538. The Court also noted that repeal of parole eligibility could be problematic under the *ex post facto* clause of the Constitution because it could be construed as imposing a more severe *punishment* than the law allowed at the time of the offense. *Id.* at 663, 94 S.Ct. at 2538. We find that these two rationales apply with equal force to probation ineligibility. Accordingly, we conclude the saving statute mandates that probation eligibility be determined according to the statutes in effect at the time of the commission of the offense.

■ Jacobs seeks to distinguish *Marrero* from her case because the repealed statute

at issue in *Marrero* actually imposed the penalty of parole ineligibility, while the repealed statute in this case merely classified offenses. While it is true that these cases are technically distinguishable, this distinction has no significance in determining the applicability of 1 U.S.C. § 109. Although 18 U.S.C. § 3559(a) itself does not render a defendant ineligible for probation, it plays a significant role in the statutory framework that imposes this punishment. Title 18 U.S.C. § 3561 denies probation eligibility according to the class of the offense committed. 18 U.S.C. § 3561(a). In this way section 3561 implicitly incorporates statutory offense classifications, such as 18 U.S.C. § 3559(a). Furthermore, subsection (b) of section 3559 can be read as actually imposing punishment. 18 U.S.C. § 3559(b) (Supp.1990) ("An offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation. . . ."). Thus, we find that amendments in 18 U.S.C. § 3559(a) constitute changes in punishment for purposes of the saving statute because section 3559 is an integral part of the statutory framework that renders a defendant ineligible for probation.

We decline to attach any significance to the fact that section 3559 affects punishment indirectly through its application. The plain language of the saving statute indicates that it prevents statutory amendments from affecting penalties retroactively, even if they do so indirectly. *See* 1 U.S.C. § 109 ("The repeal of any statute shall not have the *effect* to release or extinguish any penalty, forfeiture, or liability. . . ." (emphasis added)).

Jacobs also seeks to distinguish *Marrero* by the nature of the statutory amendment involved. The statutory change involved in *Marrero*, the repeal of a statute rendering repeat narcotic offenders ineligible for parole, reflected a major shift in Congress' approach to the regulation of narcotics offenses, a move away from an emphasis on punishment and toward an emphasis on rehabilitation. *Marrero*, 417 U.S. at 664, 94 S.Ct. at 2538–39. The statutory amendment at issue here, in contrast, was a minor, technical adjustment. Jacobs also ar-

gues that Congress never intended that the repealed statute should be saved, pointing to the fact that Congress anticipated adjustments in 18 U.S.C. § 3559 from its inception. *See* S.Rep. No. 98–225, 98th Cong., 2d Sess. 87, *reprinted in* 1984 U.S. Code Cong. & Admin.News 3182, 3270 (indicating that the Judiciary Committee postponed a general restructuring of the grading system of federal offenses and would welcome amendments suggested by the Sentencing Commission).

These distinctions in the nature of the statutory amendment are irrelevant in determining the applicability of the saving statute. There is nothing in the saving statute that directs the courts to evaluate the significance Congress attached to a statutory amendment in determining whether the saving statute applies. Even a relatively "minor" statutory amendment falls within the plain language of the saving statute if it has the effect of releasing or reducing a criminal penalty. Similarly, we see no indication that we should consider the intended permanence of a repealed statute in determining whether 1 U.S.C. § 109 preserves that statute. In fact, 1 U.S.C. § 109 expressly provides that Congress will indicate exceptions to the effect of the saving statute in the *repealing* statute. *See* 1 U.S.C. § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability, ... *unless the repealing Act shall so expressly provide....*" (emphasis added)). We decline to consider Congress's prior indication that 18 U.S.C. § 3559 would be amended, because doing so would contradict the plain language of 1 U.S.C. § 109.

Since the Supreme Court decided *Marrero* in 1974, only one Court of Appeals has considered whether the saving statute applies to a statutory amendment in offense classifications that renders a defendant eligible for probation.[2] *United States v. Cook,* 890 F.2d 672 (4th Cir.1989). The

Court of Appeals for the Fourth Circuit held that the saving statute prevents a defendant who was ineligible for probation at the time she committed the offense from benefiting from an amendment in 18 U.S.C. § 3559(a) that would render her eligible for probation, reasoning that probation is included within the definition of "any penalty" in the saving statute. *Id.* at 676. Our holding here is consistent with the position adopted in *Cook.*

## IV.

In conclusion, we hold that 1 U.S.C. § 109 mandates the determination of probation eligibility pursuant to the offense classification statute in effect at the time of the commission of the offense. We will vacate the sentence imposed by the district court and remand for sentencing in accordance with the version of 18 U.S.C. § 3559(a) in effect when Jacobs committed the offense.

---

2. Prior to 1974, another Court of Appeals held that 1 U.S.C. § 109 does not apply to the repeal of a statute that rendered a defendant eligible for probation, reasoning that the saving statute was meant only to prevent abatement of prosecutions. *See United States v. Stephens,* 449 F.2d 103, 105 (9th Cir.1971). We decline to follow that Court, in light of the Supreme Court's holding that 1 U.S.C. § 109 does encompass punishment. *See Marrero,* 417 U.S. at 661, 94 S.Ct. at 2537.