**Giuseppe MARGIOTTA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. CV–92–0793.

United States District Court, E.D. New York.

March 27, 1992.

Giuseppe Margiotta, pro se.

Charles D. Hammerman; Asst. U.S. Atty., Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Petitioner Margiotta alleges that this court committed error in sentencing him to a 5–year term of supervised release to follow his incarceration. For the reasons set forth below, Margiotta's section 2255 petition to vacate his sentence is denied.

On November 3, 1988, Margiotta pled guilty to a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute both heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On January 19, 1989, he was sentenced to a prison term of 84 months, a 5–year term of supervised release, and a special assessment of fifty dollars.

The facts surrounding Margiotta's offense are as follows. The investigation into his narcotics trafficking began in January 1988, when a confidential source provided information on Margiotta's activities. In the period from March through June 1988, Margiotta met with informants and undercover agents on several occasions to discuss a possible 8–kilogram heroin purchase. On July 26, Margiotta began separate negotiations with one of the confidential informants for the sale of cocaine; according to the informant, Margiotta represented that he could supply between 10 and 50 kilograms. On August 30, Margiotta telephoned the informant and arranged to provide 5 kilograms of cocaine the following day. On September 1, 1988, Margiotta and a co-defendant were arrested after delivering 4,986 grams of cocaine to the informant.

## I. Statutory Authority for the Term of Supervised Release

■ At the time of Margiotta's conviction, section 846 of Title 21 read as follows:

Any person who attempts or conspires to commit any offense defined in this subchapter *is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense,* the commission of which was the object of the attempt or conspiracy. [Emphasis supplied]

Effective November 18, 1988—roughly two weeks after Margiotta's guilty plea—the highlighted language was amended to read "shall be subject to the same penalties as those prescribed for the offense." Pub.L. 100–690, § 6470(a), 102 Stat. 4377 (1988). The amendment of section 846 came in response to the Supreme Court decision in *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). In that case, the Court held that the language of section 846, as originally enacted, did not permit the imposition of a special parole term under the penalty provisions of the substantive offense statute. *Id.* at 400, 100 S.Ct. at 2258.

Margiotta argues that in light of *Bifulco,* this court lacked the authority to im-

pose a term of supervised release in his case. A careful examination of all of the relevant statutes and case law compels the opposite conclusion.

It is true, as a threshold matter, that the holding in *Bifulco* extends not only to terms of special parole, but also to sentences of supervised release. *See United States v. Cardenas,* 917 F.2d 683, 688 (2d Cir.1990). Moreover, the *ex post facto* clause clearly bars application to Margiotta of the revised language of section 846, effective November 18, 1988, as the charged conduct occurred before that date. Accordingly, the specific provision in 21 U.S.C. § 841(b)(1)(C) for imposing a term of supervised release in addition to imprisonment may not be applied to Margiotta.

However, Margiotta overlooks 18 U.S.C. § 3583, which provides for terms of supervised release for all felonies and misdemeanors. Enacted in 1984, and taking effect on November 1, 1987, section 3583 unquestionably permits the imposition of a term of supervised release in Margiotta's case notwithstanding *Bifulco. See Rodriguez v. United States,* 951 F.2d 26, 28 (2d Cir.1991); *United States v. Schanning,* 941 F.2d 807, 808 (9th Cir.1991) (per curiam); *United States v. Osborne,* 931 F.2d 1139, 1144–46 (7th Cir.1991); *United States v. Jordan,* 915 F.2d 622, 629–31 (11th Cir. 1990), *cert. denied,* — U.S. —, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991); *United States v. Van Nymegen,* 910 F.2d 164, 165– 66 (5th Cir.1990) (per curiam). As many of these same cases observe, section 5D1.1 of the Sentencing Guidelines [1] (also effective November 1, 1987) provides an even stronger basis for imposing supervised release: subsection (a) mandates that "[t]he court *shall* order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed...." [Emphasis supplied] Thus, there can be no dispute that Margiot-

ta was subject to a term of supervised release.

## II. The Maximum Term Available

■ As to the actual 5–year term imposed in this case, however, the government now contends that this court committed error. The government maintains instead that Margiotta was guilty of a Class C felony, and that as a result the maximum term of supervised release in his case is 3 years. Having considered this suggestion, the court nevertheless concludes that its original sentence was proper.

Under 18 U.S.C. § 3583(b), a court may impose a term of supervised release of up to 5 years for a Class B felony, and a term of up to 3 years for a Class C felony.[2] Similarly, Sentencing Guideline § 5D1.2(b) states that the term of supervised release following imprisonment shall be 3 to 5 years for a Class B felony, and 2 to 3 years for a Class C felony.[3] Up to this point, the statutory terrain is relatively smooth.

A more complex question arises in determining whether Margiotta's felony offense falls into Class B or Class C. At all times relevant to Margiotta's case, 21 U.S.C. § 841(b)(1)(C) provided (as it does today) for a maximum sentence for first-time offenders of not more than 20 years. Under 18 U.S.C. § 3559 as originally enacted in 1984, an offense punishable by imprisonment for 20 years or more constituted a Class B felony; offenses punishable by less than 20 years (and no less than 10) were designated as Class C felonies. However, on November 18, 1988—two weeks after Margiotta's guilty plea, but two months before his sentencing—Congress changed the threshold between Class B and Class C felonies from 20 to 25 years. Pub.L. 100– 690, § 7041, 102 Stat. 4399 (1988).

---

1. Because of a clerical error, this section was designated 5D3.1 when first promulgated in 1987. The subsequent re-denomination, effective November 1, 1989, made no substantive change.

2. While § 3583 has been amended in other respects since it took effect in 1987, the provisions

set forth above are the same as those in effect during 1988 and 1989.

3. This portion of § 5D1.2(b) has been in effect since January 15, 1988. N.B. Prior to November 1, 1989, the section was named 5D3.2(b). See note 1 *supra.*

Under established principles of law, it is the penalties under the statutory scheme at the time of the offense itself, rather than at the time of sentencing, which apply. This canon of criminal law is codified at 1 U.S.C. § 109, the so-called "general saving clause", which states in relevant part:

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

While the statute speaks only of "repeal", it applies with equal force to statutory amendment. *See, e.g., United States v. Mechem*, 509 F.2d 1193, 1194 n. 3 (10th Cir.1975) (per curiam). Absent explicit Congressional language, a defendant is therefore not entitled to the benefit of reductions in a criminal penalty statute enacted between the time of his offense and the time of sentencing. *See Warden v. Marrero*, 417 U.S. 653, 661, 94 S.Ct. 2532, 2537, 41 L.Ed.2d 383 (1974); *United States v. Taylor*, 676 F.Supp. 1111, 1112 (D.Utah 1988).

Thus, Margiotta's offense was properly treated at sentencing as a Class B felony. At the time of the unlawful conduct—on and between July 26 and September 1, 1988—section 3559 designated Margiotta's crime as a Class B felony. Indeed, even at the time Margiotta entered his guilty plea (November 3, 1988), the relevant statutory and Guidelines sections authorized imposition of a term of supervised release between 3 and 5 years. Although sentencing in this case took place after the revision of section 3559's definitions of Class B and C felonies, section 109 of Title 1 makes clear that this change could benefit Margiotta only if Congress expressly provided for retroactive application to previously committed crimes. As no such provision was made in amending section 3559, Margiotta was properly sentenced under the former version of the statute. *See United States v. Andrews*, 918 F.2d 1156, 1159 & n. 1 (5th Cir.1990) (post-amendment sentence should treat pre-amendment offense, punishable by no more than 20 years, as Class B felony); *United States v. Cook*, 890 F.2d 672, 673–76 & n. 2, 675–76 (4th Cir.1989) (same); *United States v. Carey*, 884 F.2d 547, 547–49 (11th Cir.1989) (same), *cert. denied*, 494 U.S. 1067, 110 S.Ct. 1786, 108 L.Ed.2d 787 (1990).

Section 3553(a)(4) of Title 18 does not require a different conclusion. That section requires a sentencing court to consider, *inter alia*, "the kinds of sentence and the sentencing range established for the ... offense committed by the ... defendant as set forth in the guidelines ... and that are in effect on the date the defendant is sentenced...." This section does not, however, compel the application of *statutory* penalty provisions in effect as of sentencing. As the Fourth Circuit has noted,

on its face it is clear that Congress was addressing guidelines sentences as promulgated by the Sentencing Commission. In addition, the legislative history confirms that Congress was addressing only changes in the guidelines through the amendment process and not statutory changes produced by enactments of Congress.

*Cook*, 890 F.2d at 675–76 (citations omitted). Thus, while this court was obliged to apply the then-current version of Guideline section 5D1.2(b) to Margiotta at sentencing, it was nevertheless appropriate to interpret the terms of that section in light of the pre-amendment language of 18 U.S.C. § 3559.

The court rejects the government's suggestion that this case is controlled by *United States v. Cardenas*, 917 F.2d 683 (2d Cir.1990). Cardenas, like Margiotta, violated 21 U.S.C. §§ 841(b)(1)(C) and 846 during August 1988. *Id.* at 685, 688. On January 3, 1989, he pled guilty. *Id.* at 685. In reviewing his sentence, the Second Circuit found that the district court had improperly imposed a 10–year term of supervised release, and reduced that portion of his sentence to 3 years. According to the *Cardenas* court, this result was compelled by the fact that "Cardenas was convicted of a Class C felony since the maximum term of

incarceration he may serve is 20 years. *See* 21 U.S.C. § 841(b)(1)(C) (20–year maximum term); 18 U.S.C. § 3559(a)(3) (Class C felonies less than 25 but 10 or more years)." It is clear from this discussion, however, that the Second Circuit may have failed to notice that section 3559 had been amended in the interim, and that under the text of the statute at the time of his offense, Cardenas committed a Class B felony. Without intending disrespect to the Second Circuit, this court finds—as have the numerous circuits cited above—that the felony classification relevant for purposes of applying Sentencing Guideline § 5D1.2(b) is that in effect at the time of the offense, and not that in effect at the time of sentencing.

Accordingly, Margiotta's petition is denied.

SO ORDERED.