15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Carlos CHAVEZ-VERNAZA, Defendant-Appellant.
 Nos. 91-30276, 91-30277.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Nov. 17, 1993.
 
 1
 Before: REINHARDT, BRUNETTI and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Jose Carlos Chavez-Vernaza committed a number of drug related offenses between December of 1980 and March 25, 1983. He was convicted in July of 1986 and sentenced September 15, 1986. He appeals from the denial of two motions to correct his sentence pursuant to Fed.R.Crim.P. 35(a) and 32(c)(3)(D). His principal claim is that a special parole term was erroneously imposed upon him. We affirm.
 
 BACKGROUND FACTS
 
 4
 On July 29, 1986, Chavez was convicted of engaging in a continuing criminal enterprise ("CCE count"), conspiracy, attempted importation, and six counts of distribution and possession with intent to distribute cocaine ("substantive counts"), all in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Secs. 841(a)(1), 846, 848, 952(a), 963.
 
 
 5
 Prior to sentencing, Chavez requested in writing that references in the Presentence Report ("PSR") to 500 pounds of cocaine, having a street value of $15 million, be corrected. At the sentencing hearing on September 15, 1986, the district court agreed and ordered that the disputed factual matters be corrected. On the CCE count, the court imposed a 20-year term of imprisonment, with no parole. On the conspiracy, importation and substantive counts, Chavez received 15 years on each count, to be served concurrently. With respect to six of the substantive counts, the court imposed a life special parole term.
 
 
 6
 Chavez requested a reduction of sentence, pursuant to Fed.R.Crim.P. 35(b),[1] based on his assistance to the government. The motion was granted by order dated January 16, 1990 ("1990 sentence modification"). The court reduced Chavez's sentence to 10 years on the CCE count and 10 years on the substantive counts, to be served concurrently.
 
 
 7
 In 1991, Chavez filed two motions for correction of sentence. The first motion claimed that the life special parole term imposed in the 1986 sentence was illegal, and the second motion asserted that the factual corrections to the PSR had not been made.
 
 DISCUSSION
 A. 1990 Sentence Modification
 
 8
 Chavez argues that the 1990 sentence modification was illegal because the district court improperly struck the special parole term from the substantive counts and added it to the CCE count, which exceeded the court's authority. We disagree.
 
 
 9
 It clearly appears from the record that the district court did not decide to strike the special parole term from the substantive counts and add it to the CCE count. "The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." United States v. Bergmann, 836 F.2d 1220, 1221 (9th Cir.1988) (internal quotations and citation omitted). Chavez was present at the modification hearing. The special parole term was not mentioned in the papers or at the hearing; the discussion concerned only reduction of the term of imprisonment. The court's oral pronouncement concerned only reduction of the term of imprisonment. We recognize that there is some ambiguity in the form of the amended judgment. However, we construe the modification order of January 16, 1990, to read as follows:
 
 
 10
 ... Ten (10) years on Count Two (2), no parole pursuant to 21 U.S.C. 846.[2]
 
 
 11
 As to Counts 3, 4, 6, 10, 13, 15, 22, and 35, the defendant is committed to the custody of the Attorney General or his duly authorized representative for a period of (10) ten years on each count and shall become eligible for parole pursuant to 18 U.S.C. 4205(a), said sentences to be served concurrently with one another and with the sentence imposed in Count 2.
 
 
 12
 It is further ordered that as to counts 4, 6, 10, 13, 15, and 35, the defendant shall serve a life special parole term.
 
 
 13
 It is further ordered that the sentence imposed in this case be served concurrently with the sentence imposed in CR 85-78.
 
 
 14
 The court orders commitment to the custody of the Attorney General and recommends Geiger Correction Center, Spokane, Washington.
 
 B. 1986 Sentence
 
 15
 Chavez claims that the district court did not have authority to impose the special parole term in 1986 because it was repealed in 1984. Again, we must disagree. Before 1984, 21 U.S.C. Sec. 841(b)(1)(A) (1982) authorized a sentence of 15 years and mandated a special parole term for offenses involving cocaine, without regard to quantity. The 1984 amendment to Sec. 841(b)(1) created a new subsection (A) which increased the penalty to 20 years for large-volume offenses but deleted the special parole term. The 1984 amendment also created new subsection (B), which authorized a sentence of 15 years for offenses involving lesser quantities and retained the special parole term. Gozlon-Peretz v. United States, 498 U.S. 395, 400-01, 111 S.Ct. 840, 844-45, 112 L.Ed.2d 919 (1991). The statute was amended again in 1986. This time Congress deleted special parole for all offenses committed after October 27, 1986, and substituted a term of supervised release. Id. at 409, 111 S.Ct. at 849.
 
 
 16
 Chavez asserts that Gozlon-Peretz and United States v. Torres, 880 F.2d 113 (9th Cir.1989) (per curiam), cert. denied, 493 U.S. 1060, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990), support his position. They do not; in fact, they are not apposite. If anything, they suggest that a person should be subject to the penalty in effect when he committed his offense.
 
 
 17
 Rather, the general rule is that, unless Congress expressly states otherwise, a defendant is not entitled to the benefit of any statutory amendment which decreases the penalty after the crime is committed.[3] That is true when the statute is amended after the defendant has been sentenced. See Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 657-58, 94 S.Ct. 2532, 2535, 41 L.Ed.2d 383 (1974); United States v. Garcia, 877 F.2d 23, 24-25 (9th Cir.1989); United States v. Breier, 813 F.2d 212, 214-15 (9th Cir.1987), cert. denied, 485 U.S. 960, 108 S.Ct. 1222, 99 L.Ed.2d 423 (1988); 1 U.S.C. Sec. 109 (repeal of a statute does not extinguish the penalty). It is also true when the statute is amended after the defendant has committed the crime but before he is sentenced. See United States v. van den Berg, No. 92-10533, slip op. 10513, 10515-18, 10525 (9th Cir. Sept. 23, 1993) (statute repealed); Martin v. United States, 989 F.2d 271, 272-76 (8th Cir.1993); petition for cert. filed, (U.S. July 27, 1993) (No. 93-5726); United States v. Jacobs, 919 F.2d 10, 11-13 (3d Cir.1990), cert. denied, 499 U.S. 930, 111 S.Ct. 1333, 113 L.Ed.2d 265 (1991); United States v. Towne, 870 F.2d 880, 887 (2d Cir.), cert. denied, 490 U.S. 1101, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989); United States v. Taylor, 676 F.Supp. 1111, 1112-14 (D.Utah 1988). It is true here. The district court properly applied the version of Sec. 841(b)(1)(A) which was in effect at the time the offenses were committed.
 
 
 18
 Chavez's invocation of the rule of lenity is simply a restatement of his argument that he ought to get the benefit of the 1984 amendment. But, as the Supreme Court recently explained, "The rule of lenity ... is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of the Act...." Chapman v. United States, --- U.S. ----, ----, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991) (internal quotations and citations omitted); see Gozlon-Peretz, 498 U.S. at ----, 111 S.Ct. at 849. There is no ambiguity in the 1984 amendment of Sec. 841(b). The rule of lenity has no application to this case.
 
 
 19
 C. Correction of Factual Matters in Presentence Report
 
 
 20
 Chavez contends that the district court should have resentenced him, instead of correcting the PSR. If the court had failed to comply with the requirements of Rule 32(c)(3)(D), the remedy would have been resentencing. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1516-17 (9th Cir.1990) (en banc). In this case, the district court followed Rule 32. It made a finding that the factual matters which Chavez disputed were as Chavez alleged and ordered that the PSR be corrected. See United States v. Macias-Perez, 915 F.2d 570, 571 (9th Cir.1990).
 
 
 21
 When the district court complies with the substantive requirements of Rule 32, but fails to append the appropriate findings to the PSR, "such a technical violation of the Rule is a ministerial error which does not require resentencing." Fernandez-Angulo, 897 F.2d at 1517. Instead, the appropriate remedy is to order that the findings be appended to the PSR. Id.; Doganiere v. United States, 914 F.2d 165, 169 (9th Cir.1990), cert. denied, 499 U.S. 940, 111 S.Ct. 1398, 113 L.Ed.2d 454 (1991). That is what the district court did in this case.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chavez's motion was made under Rule 35 as it existed prior to amendment by the 1984 Comprehensive Crime Control Act
 
 
 [2]
 It appears that the citation should be 21 U.S.C. Sec. 848
 
 
 [3]
 We emphasize that this is a pre-Guidelines case. What we say here is not relevant to Guideline applications. See, e.g., U.S.S.G. Secs. 1B1.10, 1B1.11 (1992)