September 22, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1250

 MICHAEL J. KINGSLEY,

 Petitioner,

 v.

 UNITED STATES OF AMERICA,

 Respondent.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Frank H. Freedman, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Selya and Boudin, Circuit Judges.
 

 

 Michael J. Kingsley on brief pro se.
 
 A. John Pappalardo, United States Attorney, and Kevin
 
O'Regan, Assistant United States Attorney, on brief for appellee.
 

 

 

 -2-

 Per Curiam. Petitioner Michael Kingsley challenges the
 

legality of special parole terms imposed as part of his

sentence for multiple drug violations. He argues that,

because such sanctions were abolished between the time of his

offenses and the time of his sentencing, the district court

should have applied the law in effect on the latter date. We

disagree and therefore affirm the denial of his motion to

correct sentence under 28 U.S.C. 2255 and/or Fed. R. Crim.

P. 35(a). 

 From March 1977 to May 1985, petitioner was the leader

of a twenty-three member organization engaged in distributing

cocaine and marijuana in western Massachusetts. In January

1987, he pled guilty to 22 separate offenses as follows: one

count of conspiracy to distribute cocaine, 21 U.S.C. 846,

one count of conspiracy to distribute marijuana, id., ten
 

counts of cocaine distribution, 21 U.S.C. 841(a), three

counts of marijuana distribution, id., one count of
 

conducting a continuing criminal enterprise, 21 U.S.C. 848,

and six related tax offenses. Sentencing occurred on

February 17, 1987. At the government's recommendation

pursuant to a plea bargain, the district court imposed twelve

ten-year prison terms (for the continuing criminal enterprise

offense and each of the cocaine offenses) and ten five-year

prison terms (for each of the marijuana and tax offenses)--

all to be served concurrently. The court also imposed three

 -3-

years of special parole for each of the eleven cocaine

offenses (the conspiracy count and ten substantive counts)

and two years of special parole for each of the three

substantive marijuana offenses. 

 In October 1992, petitioner filed the instant motion

seeking to vacate the special parole terms. From his reading

of various amendments to 21 U.S.C. 841(b) that occurred in

the mid-1980s, he argued that the statute in its 1987

configuration imposed no type of post-confinement monitoring

for the offenses at issue here. He further contended that

the district court was required to impose this allegedly more

"lenient" penalty provision, rather than the one in effect at

the time the offenses occurred. The district court properly

rejected this analysis.1 Contrary to petitioner's view, the

1987 version of 841(b) actually contained more stringent

penalties, including enhanced prison sentences and terms of

supervised release. Applying that provision at sentencing

thus would have violated the ex post facto clause. We
 

explain briefly.

 The various modifications that 841(b) underwent

between 1984 and 1987 have been exhaustively detailed

elsewhere, see, e.g., Gozlon-Peretz v. United States, 498
 

 

1. The district court did modify one aspect of the judgment
sua sponte. Pursuant to Bifulco v. United States, 447 U.S.
 
381 (1980), it vacated the special parole term imposed for
the cocaine conspiracy count. 

 -4-

U.S. 395, 399-403 (1991); Padilla Palacios v. United States,
 

932 F.2d 31, 32-33 (1st Cir. 1991) (per curiam); United
 

States v. Ocasio Figueroa, 898 F.2d 825, 826-28 (1st Cir.
 

1990), cert. denied, 113 S. Ct. 1001 (1993); United States v.
 

Ferryman, 897 F.2d 584, 586-88 (1st Cir.), cert. denied, 498
 

U.S. 830 (1990), and so need only be summarized here. Prior

to October 12, 1984, 841(b) mandated a three-year term of

special parole for cocaine offenses and a two-year term for

marijuana offenses. Between that date and October 27, 1986,

an anomalous situation existed. The statute imposed no

special parole term for large-scale offenses (e.g., those
 

involving one kilogram or more of cocaine), but retained such

sanctions for lesser offenses. Compare 21 U.S.C. 
 

841(b)(1)(A) (Supp. 1984) with id. 841(b)(1)(B)-(C); see,
 

e.g., United States v. Santamaria, 788 F.2d 824, 829 (1st
 

Cir. 1986). Finally, it is now clear that the statute

requires a term of supervised release for all offenses

occurring on or after October 27, 1986 (not November 1, 1987,

as petitioner suggests). See, e.g., Gozlon-Peretz, 498 U.S.
 

at 409; United States v. Morris, 977 F.2d 677, 686 (1st Cir.
 

1992), cert. denied, 113 S. Ct. 1588 (1993). Both the 1984
 

and 1986 amendments, of course, also enhanced the prison

terms prescribed by 841(b). 

 Defendant is therefore mistaken in maintaining that the

statutory penalties existing prior to October 12, 1984 were

 -5-

more stringent than those existing in 1987. Had he been

sentenced under the latter, he would have been exposed to

longer terms of imprisonment.2 And he would have been

subject to periods of supervised release at least equal to,

and (depending on the quantity of drugs involved) possibly

longer than, the earlier special parole terms--a fact he

overlooks entirely. It is thus clear that application of the

1987 penalties would have been impermissible. And, lastly,

petitioner's contention that the circumstances here are so

ambiguous as to warrant invoking the "rule of lenity" in his

favor is well off the mark. See, e.g., Gozlon-Peretz, 498
 

U.S. at 409-10; Ferryman, 897 F.2d at 591.3 
 

 

2. Defendant suggests this would have posed no
constitutional difficulties in light of the government's
sentencing recommendations under the plea agreement. He
ignores the fact that the district court was not required to
accept those recommendations.

3. While we need not address the issue, we note that the
second prong of petitioner's argument--that any reduction in
criminal penalties must be applied retroactively, even absent
any specific provision to that effect--appears equally
problematic. See generally United States v. Jacobs, 919 F.2d
 
10 (3d Cir. 1990) (applying "saving statute," 1 U.S.C. 109,
to find change in drug offense classification, which occurred
between time of offense and time of sentencing and which
would have rendered defendant eligible for probation,
inapplicable), cert. denied, 111 S. Ct. 1333 (1991); Lerner
 
v. Gill, 751 F.2d 450, 456 (1st Cir.) (rejecting argument
 
that "a state must retroactively afford a prisoner the
benefits of any less stringent legislation adopted after the
crime"), cert. denied, 472 U.S. 1010 (1985). See also United
 
States v. Tarvers, 833 F.2d 1068, 1077 (1st Cir. 1987)
 
(upholding special parole term imposed under pre-1984 version
of 841(b), even though sentencing occurred in 1985). 

 -6-

 The same reasoning applies to the two offenses here that

occurred after October 12, 1984: count 14 (involving

distribution of cocaine on October 29, 1984), and count 15

(involving possession of marijuana with intent to distribute

on May 3, 1985). The penalty provisions applicable to these

offenses, 21 U.S.C. 841(b)(1)(B)-(C) (Supp. 1984), were

less stringent than those in effect in 1987. Moreover, the

1984 statute required special parole in both instances. Of

course, had count 14 involved a kilogram or more of cocaine

and thus fallen within the 1984 version of subsection

(b)(1)(A) rather than (b)(1)(B), no special parole would have

been warranted with respect thereto. Yet the district court

specifically determined that this offense was governed by

subsection (b)(1)(B) and petitioner has not challenged this

finding on appeal.

 Affirmed.
 

 -7-