Reese V. Bostwick, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Allen SCHANNING,
Defendant–Appellant.**

**No. 91–15111.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 27, 1991.*

Decided Aug. 1, 1991.

Before SCHROEDER, FLETCHER and LEAVY, Circuit Judges.

PER CURIAM:

Michael Allen Schanning, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Schanning pleaded guilty on April 14, 1988 to conspiracy to possess with intent to distribute 2 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and was sentenced on June 14, 1988 to forty-eight months in prison and sixty months of supervised release. In his section 2255 motion, he alleged that the trial court erred in imposing a term of supervised release in addition to his prison sentence. We affirm.

Schanning relies on *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) as support for his argument that the trial court erred in imposing a term of supervised release. The *Bifulco* Court held that the terms of section 846 then in effect (and which also apply to Schanning) did not permit a sentencing court to impose a special parole term in addition to imprisonment because the statute provided for punishment only by imprisonment or fine or both and did not authorize special penalty provisions. 447 U.S. at 403, 100 S.Ct. at 2260.[1]

Although the terms of section 846 that apply to Schanning's sentencing do not expressly permit a term of supervised re-

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

1. At the time of the *Bifulco* decision, section 846 provided that a person convicted of conspiracy "is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the ... conspiracy."

lease, they do not prohibit such a term. Moreover, 18 U.S.C. § 3583(a), effective November 1, 1987, *see Gozlon–Peretz v. United States,* —— U.S. ——, 111 S.Ct. 840, 846, 112 L.Ed.2d 919 (1991), authorizes a district court to impose a term of supervised release in sentencing for any felony or misdemeanor conviction where a defendant receives a term of imprisonment.[2] Here, Schanning's offense occurred after November 1, 1987, and thus is subject to the Sentencing Guidelines. *United States v. Rewald,* 835 F.2d 215, 216 (9th Cir.1987), *amended,* 902 F.2d 18 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990). Other circuits that have addressed this issue have held that section 3583(a), also effective on November 1, 1987, authorizes the district court to impose a term of supervised release for violations of section 846 committed after November 1, 1987. *See United States v. Osborne,* 931 F.2d 1139, 1144–45 (7th Cir. 1991); *United States v. Cardenas,* 917 F.2d 683, 687–88 (2d Cir.1990); *United States v. Jordan,* 915 F.2d 622, 631 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991); *United States v. Van Nymegen,* 910 F.2d 164, 166 (5th Cir.1990). We join these circuits and hold that because Schanning was sentenced for a class B felony for a violation occurring after November 1, 1987, the district court had the discretion to sentence him up to a sixty-month term of supervised release. *See* 18 U.S.C. §§ 3583(a) & (b).

AFFIRMED.

---

[2]. Section 3583(a) provides as follows:

"Inclusion of a term of supervised release after imprisonment.

(a) In general.—The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute."

On November 18, 1988, Congress amended section 846 to provide that a person convicted of conspiracy "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy." This amended section, which allows imposition of a supervised release term, does not carry an express provision for its effective date and thus became effective on its date of enactment, November 18, 1988. *See United States v. Torres,* 880 F.2d 113, 115 (9th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990). Accordingly, the former terms of section 846 apply to Schanning.