996 F.2d 827
 72 A.F.T.R.2d 93-5187, 93-2 USTC P 50,385
 UNITED STATES of America, Plaintiff-Appellee
(91-1720/1722/1820/1822), Respondent-Appellee (92-2039/2040),
v.
William Jacob ALT, Defendant-Appellant (91-1720/1820),
Petitioner-Appellant (92-2039),
Karen Lind Alt, Defendant-Appellant (91-1722/1822),
Petitioner-Appellant (92-2040).
 Nos. 91-1720, 91-1722, 91-1820, 91-1822; 92-2039, 92-2040.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 16, 1993.
Decided June 18, 1993.
 
 John A. Smietanka, U.S. Atty., Julie Ann Woods, Asst. U.S. Atty. (argued and briefed), Grand Rapids, MI, for plaintiff-appellee.
 Patrick A. Tuite (briefed), Brent D. Stratton (argued), Chicago, IL, for defendant-appellant in No. 91-1720, 91-1820.
 Allan A. Ackerman, briefed and argued, Allan A. Ackerman, Chicago, IL, for defendant-appellant in No. 91-1722, 91-1822, 92-2040.
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and SPIEGEL, District Judge.*
 SUHRHEINRICH, Circuit Judge.
 
 
 1
 In this criminal appeal, defendants William Alt and Karen Alt challenge their convictions for conspiracy to evade both personal and corporate taxes of William Alt, in violation of 18 U.S.C. § 371 and 26 U.S.C. § 7201; and for evading and aiding and abetting in the evasion of those taxes in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7201. For the following reasons, we now REVERSE and REMAND for new trial.
 
 I.
 
 2
 In April 1990, defendants, who are father and daughter, were indicted by a federal grand jury on five counts of federal tax violations. Count one charged defendants with conspiracy to evade personal and corporate taxes on behalf of William Alt. Counts two and three charged defendants with evasion, and aiding and abetting in the evasion of the personal income taxes of William Alt for the years of 1983 and 1984. Count four charged defendants with evading, and aiding and abetting in the evasion of the corporate taxes of William Alt, M.D., P.C. Count five charged Karen Alt with making false statements while under oath. At trial, the government produced evidence that defendants had under-reported both the corporate and personal income of William Alt, had taken improper deductions in a variety of ways, and had used Karen Alt's corporation, K.L. Financial Management, to make tracing of William Alt's personal and corporate income difficult.
 
 
 3
 William Alt was convicted of conspiracy (count one); and evading, and aiding and abetting in the evasion of personal income taxes (count three). The jury found Karen Alt guilty of conspiracy (count one); evading, and aiding and abetting in the evasion of personal income taxes (count two); and evading, and aiding and abetting in the evasion of corporate income taxes (count four). William Alt received a ten-year sentence, and a $200,000 fine. Karen Alt was sentenced to ten years imprisonment, a $250,000 fine, and five years probation.
 
 
 4
 Defendants raised numerous claims of error on appeal. We address only two errors, which we find dispositive.
 
 II.
 A.
 
 5
 The Supreme Court has made clear that due process allows conviction only upon "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [a defendant] is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). This aspect of due process precludes the use of presumptions which relieve the state of part of its burden of persuasion. Francis v. Franklin, 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985); Sandstrom v. Montana, 442 U.S. 510, 520-24, 99 S.Ct. 2450, 2457-59, 61 L.Ed.2d 39 (1979). Mandatory burden-shifting instructions which "instruct[ ] the jury that it must infer the presumed fact" result in constitutional error. Francis, 471 U.S. at 314, 105 S.Ct. at 1971.
 
 
 6
 Defendants contend that the district court violated this facet of due process when it gave the following jury instruction, which defendants claim relieved the government of its burden of proving "willfulness" as one of the elements of a § 7201 violation:It is not necessary for the prosecution to prove that the defendant knew that a particular act or failure to act is a violation of the law. This is not necessary. Unless and until outweighed by evidence in the case to the contrary, the legal presumption is that everyone of us knows what the law forbids and what the law requires us to do.
 
 
 7
 Defendants did not raise an objection to the instruction below. Thus, we may only review for plain error. See Fed.R.Crim.P. 52(b) (allowing review of plain error absent objection); United States v. Young, 470 U.S. 1, 15-16, 105 S.Ct. 1038, 1046-1047, 84 L.Ed.2d 1 (1985) (discussing plain error analysis). Plain error is "an egregious error, one that directly leads to a miscarriage of justice." United States v. Busacca, 863 F.2d 433, 435 (6th Cir.1988), cert. denied, 490 U.S. 1005, 109 S.Ct. 1640, 104 L.Ed.2d 156 (1989).
 
 
 8
 Under 26 U.S.C. § 7201, a defendant must act "willfully." The Supreme Court has defined "willfulness" as the "voluntary, intentional violation of a known legal duty." United States v. Bishop, 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973). More recently, the Court explained that the term "willfully" as used in the Tax Code creates a statutory exception to the traditional rule that all people are presumed to know the law. Cheek v. United States, 498 U.S. 192, 199-200, 111 S.Ct. 604, 609-10, 112 L.Ed.2d 617 (1991). The Court explained that, although every person is generally presumed to know the law, the complexity and intricacy of the tax laws led Congress to create an exception to that rule. Id. at 200, 111 S.Ct. at 609. Thus, part of the government's burden in this case was to prove beyond a reasonable doubt that defendants knew of their legal duty under the tax laws. See id. at 199-200, 111 S.Ct. at 609-10.
 
 
 9
 By instructing the jury to presume defendant's knowledge of the law, the jury instruction could only be viewed as a mandatory presumption by a reasonable juror. See Sandstrom, 442 U.S. at 514, 99 S.Ct. at 2454 ("[W]hether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction."). By shifting the burden of proof, the instruction violated due process and contravened Cheek. Further, although other instructions were arguably contrary to the challenged instructions, "[l]anguage that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve infirmity." Francis, 471 U.S. at 322, 105 S.Ct. at 1975. Under Sandstrom and Francis, the instruction violated due process.
 
 
 10
 Nor was the evidence of defendants' guilt so overwhelming as to make this error harmless. See United States v. Barlow, 693 F.2d 954, 957 n. 1 (6th Cir.1982), cert. denied, 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983) (noting that overwhelming evidence can make an error harmless under Rule 52(a)); 3A Charles A. Wright, Federal Practice and Procedure § 854, at 305-11 (2d ed. 1982 & Supp.1992) (noting that weight of the evidence against a defendant is crucial factor in harmless error analysis). The evidence concerning William Alt related only to his involvement in the financial transactions used to disguise or hide his income; there was no direct evidence of his knowledge of federal taxation. In light of the erroneous presumption, we decline to infer knowledge in the absence of direct evidence that defendant was aware of federal taxation law. We must therefore reverse as to William Alt.
 
 
 11
 Karen Alt's case is much closer. The government presented proof that she took financial management and federal income tax courses and operated a financial management business, direct evidence of her knowledge of tax law. She also managed all of William Alt's financial affairs and prepared the returns in question. On the other hand, the defense offered a substantial amount of the evidence indicating that Karen Alt was less than proficient in financial matters, especially taxation. Thus, the jury's presumption that she knew what her legal duty was may well have been critical to their decision.
 
 
 12
 While we recognize that improper jury instructions rarely constitute plain error, see Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977); United States v. Hook, 781 F.2d 1166, 1172-73 (6th Cir.), cert. denied, 479 U.S. 882, 107 S.Ct. 269, 93 L.Ed.2d 246 (1986), we find that this is just such a rare case. In sum, we believe that the trial court's instruction that the jury had to presume defendants' knowledge of their legal duty under the federal tax laws constitutes plain error requiring reversal as to both defendants. We therefore reverse the convictions of both defendants on the § 7201 counts. Further, because the conspiracy and aiding and abetting convictions of both defendants are derivative of the § 7201 counts, they must also be reversed.
 
 B.
 
 13
 We also find it necessary to address one other issue so that the same error not be repeated should the defendants be convicted on retrial. The district court did not apply the Sentencing Guidelines to defendants' conspiracy convictions because it found that no overt acts in furtherance of the conspiracy occurred after the Guidelines became effective. This was error.
 
 
 14
 The Sentencing Guidelines became effective on November 1, 1987, and apply to all offenses which occur after the effective date. United States v. Edgecomb, 910 F.2d 1309, 1311 (6th Cir.1990). The Guidelines also apply to convictions for conspiracies which began before the effective date, yet continued beyond the effective date because of the ongoing nature of the crime. Id. at 1311-12; United States v. Walton, 908 F.2d 1289, 1299 (6th Cir.), cert. denied, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229, 498 U.S. 989, 111 S.Ct. 530, 112 L.Ed.2d 541, 498 U.S. 990, 111 S.Ct. 532, 112 L.Ed.2d 542 (1990). Here, the conspiracy as described in the indictment began on April 13, 1983 and continued to June 8, 1988 beyond the effective date of the Guidelines. The district court therefore should have applied the Guidelines to the conspiracy convictions.
 
 
 15
 For the foregoing reasons, we REVERSE and REMAND for further proceedings not inconsistent with this opinion.
 
 
 16
 KENNEDY, Circuit Judge, concurring in part and dissenting in part.
 
 
 17
 I agree with the majority of the panel that the court's instruction on wilfulness was erroneous. I also agree that with respect to William Alt, the evidence of guilt was not so overwhelming as to make the error harmless. However, I disagree with respect to Karen Alt. The evidence with respect to her was, in my opinion, so overwhelming that the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
 
 
 18
 I also concur in Part B of the majority opinion holding the guidelines applicable.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation