12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael BRASWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5112.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 W.D.Tenn., No. 92-02599, Gibbons, J.
 W.D.Tenn.
 AFFIRMED.
 Before: KENNEDY, MARTIN and SILER, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. In 1990, Michael Braswell was sentenced after pleading guilty to one count of carrying and using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). The district court sentenced Braswell to a five-year term of imprisonment as well as a two-year term of supervised release. Braswell did not take a direct appeal from this judgment.
 
 
 3
 In 1992, Braswell filed a motion to vacate in which he claimed that the district court's decision to add a term of supervised release to his sentence was illegal. The government responded and the district court ultimately denied the relief sought. This appeal followed. The parties have briefed the issues; Braswell is proceeding without counsel. In addition, Braswell has moved for in forma pauperis status although he subsequently paid the filing fee.
 
 
 4
 Braswell was convicted of a violation of 18 U.S.C. Sec. 924(c). He correctly points out that there is no explicit provision for a term of supervised release to be found within the four corners of this statute. He then cites 18 U.S.C. Sec. 3583(a) (inclusion of a term of supervised release after imprisonment) and United States v. Allison, 953 F.2d 870 (5th Cir.), cert. denied, 112 S.Ct. 2319 (1992), in support of his conclusion that the district court therefore lacked the power to sentence him to a term of supervised release.
 
 
 5
 Braswell's interpretation of the applicable statutory authority is incomplete and erroneous. The plain language of the statutory scheme states that possession of a firearm during a drug trafficking crime is punishable by imprisonment for five years. 18 U.S.C. Sec. 924(c)(1). Any offense punishable by imprisonment for five to ten years is classified as a Class D felony. 18 U.S.C. Sec. 3559(a)(4). A district court is manifestly authorized to include in a sentence for a Class D felony a term of supervised release after imprisonment for not more than three years. 18 U.S.C. Sec. 3583(a) and (b)(2).
 
 
 6
 In addition, the Fifth Circuit case law cited by Braswell in support of his position has been overruled. See United States v. Allison, 986 F.2d 896, 897 (5th Cir.1993) (order) (on the authority of United States v. Van Nymegen, 910 F.2d 164, 166 (5th Cir.1990) (per curiam)). Although no Sixth Circuit case has been located in which this issue has been addressed, other circuits have also held that 18 U.S.C. Sec. 3583(a) authorizes a district court to impose a term of supervised release for violations of 18 U.S.C. Sec. 924 occurring after November 1, 1987. See, e.g., United States v. Schanning, 941 F.2d 807, 808 (9th Cir.1991) (per curiam); United States v. Osborne, 931 F.2d 1139, 1144-46 (7th Cir.1991); United States v. Cardenas, 917 F.2d 683, 687-88 (2d Cir.1990); United States v. Jordan, 915 F.2d 622, 631 (11th Cir.1990), cert. denied, 111 S.Ct. 1629 (1991). We join these circuits in concluding that the district court had the authority to sentence Braswell to a term of supervised release. This appeal lacks merit.
 
 
 7
 Accordingly, the motion for in forma pauperis status is denied as moot and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.