14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jaime GIRALDO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1959.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 Before: JONES and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Jaime Giraldo, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Giraldo and thirteen codefendants were named in a forty-three count superseding indictment which charged various drug and money-laundering offenses. The government's investigation into the conspiracy began in 1986 and Giraldo was arrested on June 28, 1988, thus ending his participation. In March 1989, Giraldo pleaded guilty to conspiracy to possess with intent to distribute cocaine (count 1), conspiracy to launder monetary instruments (count 11), and conspiracy to engage in monetary transactions derived from controlled substance importation and distribution (count 22). The Rule 11 plea agreement provided, inter alia, that Giraldo's sentence would not exceed 235 months and that neither party would assert any aggravating or mitigating factors not identified in the agreement. Giraldo was sentenced on July 24, 1989, to 235 months of imprisonment and five years of supervised release, based upon a total offense level of 36 and a criminal history category of I. A two-level decrease for acceptance of responsibility, recommended by the probation officer in the presentence investigation report (PSI), was rejected by the trial court. A panel of this court affirmed Giraldo's conviction and sentence on direct appeal. United States v. Castro, 908 F.2d 85 (6th Cir.1990).
 
 
 3
 Giraldo presented seven grounds for relief in his motion to vacate: (1)-(3) minimum mandatory sentencing provisions, supervised release, and non-parolable sentences are inapplicable to a conspiracy offense committed prior to November 18, 1988; (4) the government breached the plea agreement; (5) the trial court erroneously denied him a two-level reduction in offense level for acceptance of responsibility; (6) he was incorrectly charged with conspiracy and was sentenced upon an erroneous drug quantity; and (7) he received ineffective assistance of counsel. The district court summarily denied Giraldo's motion to vacate in an order filed on June 28, 1993.
 
 
 4
 On appeal, Giraldo continues to assert the merits of his claims. In addition, he argues that he bargained away his rights for nothing, the trial court did not conduct an appropriate plea colloquy, and the trial court discriminated against him.
 
 
 5
 Upon review, we affirm the district court's order because Giraldo has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 As an initial matter, Giraldo's issues regarding the value of his plea bargain, the trial court's plea colloquy, and alleged discrimination on the part of the trial court were not presented to the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). No exceptional circumstances are present in this case.
 
 
 7
 Giraldo's first three grounds for relief are patently meritless. His sentence was imposed pursuant to the sentencing guidelines rather than a statutory mandatory minimum. Thus, any argument relating to a mandatory minimum is irrelevant. The district court properly imposed a term of supervised release and made his sentence non-parolable because Giraldo pleaded guilty to a conspiracy which continued past November 1, 1987, the effective date of the Sentencing Guidelines. See Gozlon-Peretz v. United States, 498 U.S. 395, 404-10 (1991); United States v. Alt, 996 F.2d 827, 830 (6th Cir.1993); United States v. Osborne, 931 F.2d 1139, 1144-46 (7th Cir.1991). Although not mandated for drug conspiracy offenses committed prior to November 18, 1988, the statute permitted imposition of a period of supervised release. See 18 U.S.C. Sec. 3583(a) (1987); United States v. Schanning, 941 F.2d 807, 807-08 (9th Cir.1991) (per curiam).
 
 
 8
 We do not address Giraldo's claims that the government breached his plea agreement or that he was entitled to a two-level reduction for acceptance of responsibility. This court expressly held on direct appeal that the government did not violate the plea agreement, and that the trial court's denial of the reduction for acceptance of responsibility was not clearly erroneous. Castro, 908 F.2d at 90. A Sec. 2255 motion cannot be employed to relitigate a question which was raised and considered on direct appeal absent exceptional circumstances such as an intervening change in law. See Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (collecting cases); Barnett v. United States, 439 F.2d 801, 802-03 (6th Cir.1971) (per curiam). There are no such exceptional circumstances in this case.
 
 
 9
 Further, even if Giraldo were entitled to a two-level reduction under Sec. 3E1.1, he would not be entitled to the additional one-level decrease pursuant to an amendment to the guideline effective November 1, 1992, because that amendment is not retroactively applicable. See United States v. Avila, 997 F.2d 767, 768 (10th Cir.1993); United States v. Dowty, 996 F.2d 937, 938-39 (8th Cir.1993).
 
 
 10
 Giraldo next argues that he was incorrectly charged with conspiracy and that, in any event, the amount of drugs attributed to him was erroneous. Giraldo was clearly apprised that he was charged with conspiracy to distribute cocaine and, indeed, pleaded guilty under oath to that very charge. He may not now challenge his indictment. In addition, he did not object at sentencing to the PSI, which connected him with at least 99 kilograms of cocaine. Nor did he challenge the drug quantity attributed to him on direct appeal. Consequently, Giraldo has waived this issue. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993); United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984).
 
 
 11
 Finally, Giraldo has failed to establish ineffective assistance of counsel because he has not shown that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty but would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 12
 Accordingly, the district court's order, entered on June 30, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.