WILLIAM J. ALT and ROSALINDA ALT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alt v. Commissioner
Docket No. 779-92
United States Tax Court
T.C. Memo 1994-313; 1994 Tax Ct. Memo LEXIS 316; 68 T.C.M. (CCH) 38; July 7, 1994, Filed *316 An order will be issued denying petitioners' Motion for Leave to File Rule 162 Motion Out of Time. For petitioners: Stephen M. Lewis. For respondent: Tanya M. Marcum. PARKER
PARKER
MEMORANDUM OPINION PARKER, Judge: This case is before the Court on petitioners' Motion for Leave to File Rule 162 Motion Out of Time. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. Background
By statutory notice of deficiency dated October 10, 1991, respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Section
Section
Section
Section Year
Deficiency
6653(b)(1) [1]
6653(b)(2) [2]
6653(b)
6661
1982
$  78,510
$  39,255
$  57,363
-- $ 19,628
1983
176,832
88,416
104,480
-- 44,208
1984
160,170
80,085
94,066
-- 40,043
1986
227,466
170,600
83,314
-- 56,867
1987
231,610
173,708
62,000
-- 57,903
1988
224,635
-- -- $ 168,476
56,159
*317 On January 10, 1992, petitioners filed their petition with this Court contesting all of the deficiencies and additions to tax for fraud and substantial understatement of tax for taxable years 1982, 1983, 1984, 1986, 1987, and 1988. Prior to the filing of the petition, petitioner William J. Alt (Dr. Alt) and his daughter, Karen Alt, had been tried in the United States District Court for the Western District of Michigan, Southern Division, on five counts of Federal tax violations. Dr. Alt was convicted on two counts: (count 1) conspiracy to evade his personal and corporate taxes in 1982, 1983, and 1984, and (count 3) evading and aiding and abetting in the evasion of personal income taxes for the year 1984. [1] Dr. Alt was sentenced to 10-years imprisonment and fined $ 200,000. He appealed his criminal conviction to the United States Court of Appeals for the Sixth Circuit. The appeal of Dr. Alt's criminal conviction was pending at the time petitioners filed their petition in this Court. In the Answer, respondent asserted that Dr. Alt was estopped from denying the liability for civil fraud under the doctrine of collateral estoppel for the years 1982, 1983, and 1984. In their Reply *318 to respondent's Answer, petitioners admitted Dr. Alt's criminal conviction but denied that the criminal conviction was relevant or material because the criminal case was still on appeal. On August 31, 1992, respondent filed a motion to consolidate, for purposes of trial, briefing, and opinion, this case with 27 other related cases then pending before this Court. [2] All of the 28 cases involve issues pertaining to income, expenses, and fraud for which the same evidence would be introduced at trial. On September 3, 1992, respondent's motion to consolidate the cases was granted. *319 By notice dated January 14, 1993, the 28 consolidated cases were calendared for trial in Chicago, Illinois, during the trial session of the Tax Court commencing on June 14, 1993. On February 26, 1993, the parties to all 28 consolidated cases, including petitioners, filed with this Court a Stipulation of Settlement in which the parties' liability and all of the deficiencies and additions to tax were agreed upon by the parties. [3] In the Stipulation of Settlement, petitioners agreed that they were liable for deficiencies and additions to tax for civil fraud and substantial understatement of tax in the following amounts (without taking into consideration the jeopardy assessments made on August 15, 1991): Additions to Tax
Section
Section
Section
Section Year
Deficiency
6653(b)(1) [1]
6653(b)(2) [2]
6653(b)
6661
1982
$  78,510.00
$  39,255
[3]
--
$ 19,628
1983
176,832.00
88,416
[3]
--
44,208
1984
160,170.00
80,085
[3]
--
40,043
1986
222,251.50
166,689
[3]
--
55,563
1987
230,685.51
173,014
[3]
--
57,671
1988
221,008.52
-- --
$ 165,756
55,252
On April 27, 1993, this Court entered a decision in this case pursuant to the Stipulation of Settlement filed by the parties. [4]
*321 On June 18, 1993, the United States Court of Appeals for the Sixth Circuit, in United States v. Alt, 996 F.2d 827 (6th Cir. 1993), reversed the criminal convictions of Dr. Alt and Karen Alt and remanded the cases to the District Court for a new trial. The Court of Appeals acknowledged that, "At trial, the government produced evidence that defendants had under-reported both the corporate and personal income of William Alt', had taken improper deductions in a variety of ways, and had used Karen Alt's corporation, K.L. Financial Management, to make tracing of William Alt's personal and corporate income difficult." Id. at 828. The court held, however, that, under Cheek v. United States, 498 U.S. 192 (1991), the District Court's instruction that the jury had to presume the defendants' knowledge of their legal duty under Federal tax laws was plain error requiring reversal. United States v. Alt, supra at 829-830. The Court of Appeals noted, "The evidence concerning William Alt related only to his involvement in the financial transactions used to disguise or *322 hide his income; there was no direct evidence of his knowledge of federal taxation." Id. at 829. On March 28, 1994, petitioners filed the pending motion for leave to file a motion to vacate or revise the decision of this Court based on the Sixth Circuit's reversal of Dr. Alt's criminal conviction. Because petitioners have not made the necessary showing for either disregarding a valid settlement agreement or vacating a final decision of this Court, we will deny petitioners' motion. Stipulated Settlement
The compromise and settlement of tax cases is governed by general principles of contract law. Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969); Brink v. Commissioner, 39 T.C. 602, 606 (1962), affd. 328 F.2d 622 (6th Cir. 1964). Where a decision is entered pursuant to a stipulated settlement, "only the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement". Brown v. County of Genesee, 872 F.2d 169, 174 (6th Cir. 1989); Estate of Jones v. Commissioner, 795 F.2d 566, 573-574 (6th Cir. 1986), *323 affg. T.C. Memo. 1984-53; Stamm International Corp, v. Commissioner, 90 T.C. 315 (1988); Spector v. Commissioner, 42 T.C. 110 (1964). [5]
Petitioners do not allege that there was a mutual mistake or a fraud in the settlement. Instead, they argue that because they were estopped to deny Dr. Alt's criminal tax fraud conviction and that conviction was subsequently reversed by the Court of Appeals, the basis for the decision no longer exists. Therefore, petitioners argue that the decision is inconsistent with substantial justice and manifestly unfair to petitioners and that this Court can and should vacate or revise the decision. We find petitioners' argument to be without merit. *324 In this case respondent had the burden of proving fraud. Sec. 7454(a); Rule 142(b). In a criminal case, due process requires that the Government prove beyond a reasonable doubt every fact necessary to constitute the crime with which a defendant is charged. In re Winship, 397 U.S. 358, 364 (1970). In a civil fraud case, however, respondent must prove each element only by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Toussaint v. Commissioner, 743 F.2d 309, 312 (5th Cir. 1984), affg. T.C. Memo. 1984-25; Wright v. Commissioner, 84 T.C. 636, 639 (1985). Collateral estoppel precludes a party to a suit and his privies from relitigating, in a later suit on a different cause of action, the issues of fact and law that were actually and necessarily decided by the court in reaching its judgment in the first action. United States v. Mendoza, 464 U.S. 154, 158 (1984); Commissioner v. Sunnen, 333 U.S. 591, 597-598 (1948). In the Answer, respondent asserted that petitioners were estopped to deny *325 their liability for the additions to tax for fraud for the years 1982, 1983, and 1984 because of Dr. Alt's criminal conviction for tax evasion. In their Reply to respondent's Answer, petitioners argued that they should not be estopped to deny the civil fraud because Dr. Alt's criminal conviction was on appeal to the Court of Appeals. The party who raises collateral estoppel has the burden of proving its elements. Rules 39, 142(a); Calcutt v. Commissioner, 91 T.C. 14, 20-21 (1988). In this case, respondent had the burden of proving that the application of collateral estoppel was appropriate. Petitioners, however, had the burden of proof with respect to the amounts of the deficiencies and the substantial understatements of tax. Petitioners would not be collaterally estopped by a criminal conviction from offering evidence to show that respondent's determinations of the amounts of the deficiencies and additions to tax were erroneous. In their Stipulation of Settlement, in addition to admitting that they were liable for the additions to tax for civil fraud and for substantial understatement for all of the 6 years at issue, petitioners admitted their *326 liability for deficiencies in amounts substantially the same as those determined by respondent in the statutory notice of deficiency. When petitioners entered into the Stipulation of Settlement, they knew that the Court of Appeals might overturn Dr. Alt's criminal fraud conviction. Also the criminal case involved only 3 of the 6 years before this Court, and collateral estoppel was not an issue in the 3 later years. When petitioners and respondent were negotiating a settlement in this case, they had before them the following factors: the possibility of reversal of Dr. Alt's criminal conviction, respondent's burden of proving that collateral estoppel was appropriate in the 3 earlier years, her burden of proving civil fraud in the event petitioners were not collaterally estopped from denying the civil fraud in those years, her burden of proving civil fraud in the 3 later years in any event, petitioners' burden of proving that the deficiencies determined by respondent were erroneous, and petitioners' burden of proving that there was no substantial understatement of tax for each of the years at issue. All of these factors were available for consideration and presumably were taken into *327 account by the parties in their negotiations of the settlement in this case. There was no mutual mistake, nor any fraud in the settlement. We hold that there is no basis for setting aside the valid Stipulation of Settlement agreed to by petitioners. [6]
Final Decision
The date of a decision of this Court is the date an order specifying the amount of the deficiencies is "entered" in the records of the Tax Court, here April 27, 1993. Sec. 7459(c). A decision of this Court becomes final upon expiration of the time to file the notice of appeal if no notice of appeal is filed. Sec. 7481(a)(1). Generally, *328 a notice of appeal must be filed within 90 days after the decision is entered by this Court. Sec. 7483; Fed. R. App. P. 13(a). The 90-day period may be extended if there has been a timely filing of a motion to vacate or revise the decision. Fed. R. App. P. 13(a). Such a motion must be filed within 30 days after the decision has been entered unless the Tax Court "shall otherwise permit". Rule 162. A motion to vacate a decision, more than 30 days after the decision was entered, may be filed only by special leave of the Court, usually by the granting of a motion for leave to file an untimely motion to vacate. Rule 162. Whether to grant a motion for leave to file a motion to vacate or a timely motion to vacate lies within the sound discretion of the Tax Court. Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. an order of this Court; Lentin v. Commissioner, 237 F.2d 5, 6 (7th Cir. 1956). If a timely motion to vacate has been filed, the 90-day period for filing an appeal does not begin to run until after the motion is adjudicated. Fed. R. App. P. 13(a). Because petitioners did not file a notice of appeal *329 or a timely motion to vacate or revise the decision, the decision of this Court became final on July 26, 1993, 90 days after the decision was entered on April 27, 1993. Thus, the decision became final before petitioners filed their motion for leave to file a motion to vacate or revise the decision. Once the decision becomes final, this Court may vacate the final decision only in certain narrowly circumscribed situations. Helvering v. Northern Coal Co., 293 U.S. 191 (1934). The Court may vacate a final decision if that decision is shown to be void, a legal nullity, for lack of jurisdiction over the subject matter or the party. Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988); Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111-112 (1978). The Court may vacate a final decision if there has been a fraud upon the Court. Abatti v. Commissioner, 859 F.2d 115 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 (2d Cir. 1975); *330 Stickler v. Commissioner, 464 F.2d 368, 370 (3d Cir. 1972). Some courts, including the United States Court of Appeals for the Sixth Circuit to which an appeal in this case would lie, have indicated that the Tax Court also has the power in its discretion, in extraordinary circumstances, to vacate and correct a final decision where it is based upon a mutual mistake of fact. See Reo Motors, Inc. v. Commissioner, 219 F.2d 610 (6th Cir. 1955). [7]
The decision in this case became final on July 26, 1993. On March 28, 1994, petitioners filed a "Motion for Leave to File Rule 162 Motion Out of Time" seeking to vacate or revise the decision entered on April 27, 1993. Petitioners filed their motion for leave *331 to file a motion to vacate or revise the decision more than 8 months after the decision had already become final. Petitioners do not allege that there was a lack of jurisdiction, a mutual mistake of fact, or a fraud upon the Court. Instead, they argue that because Dr. Alt's criminal tax fraud conviction was reversed by the Court of Appeals, the decision is inconsistent with substantial justice and manifestly unfair to petitioners. We disagree. As stated above, in their Reply to respondent's Answer, petitioners argued that they should not be estopped to deny the civil fraud because Dr. Alt's criminal conviction was on appeal to the Court of Appeals. When petitioners entered into the Stipulation of Settlement, they knew that the Court of Appeals might overturn Dr. Alt's criminal fraud conviction. Moreover, the Court of Appeals reversed Dr. Alt's conviction on June 18, 1993, at which time 38 days remained before the decision of this Court would become final at expiration of the 90-day appeal period. Had petitioners requested leave to file their motion to vacate or revise the decision prior to the expiration of the 90-day period, granting such leave would have been within the sound *332 discretion of this Court and would not have implicated the legal effect of a final decision in this Court and the attendant issues as to the scope of this Court's authority to vacate final decisions. In any event, this Court did not lack jurisdiction over the case, there has been no fraud upon the Court, nor is there a mutual mistake as to any fact. Petitioners have not established the necessary basis for vacating or revising the final decision. Accordingly, petitioners' motion for leave to file a motion to vacate or revise the final decision of this Court will be denied. An order will be issued denying petitioners' motion for Leave to File Rule 162 Motion Out of Time. Footnotes
1. For the years ended December 31, 1986 and December 31, 1987, the section is 6653(b)(1)(A), instead of as cited above.↩
2. For the years ended December 31, 1986 and December 31, 1987, the section is 6653(b)(1)(B), instead of as cited above.↩
1. Karen Alt (Karen) was convicted on three counts: (count 1) conspiracy, (count 2) evading and aiding and abetting in the evasion of personal income taxes, and (count 4) evading and aiding and abetting in the evasion of corporate income taxes. Karen was sentenced to 10-years imprisonment and 5-years probation and fined $ 250,000.↩
2. The petitioners in the related cases included William J. Alt, M.D., P.C. (docket Nos. 28260-89, 774-92, and 904-92), Medico, Inc. (docket No. 12308-90), Gretchen Ann Alt (docket No. 28504-91), Chadwick Gallery, Ltd., Transferee of William J. Alt, M.D., P.C., Transferor (docket No. 656-92), Paragon Financial Corp., Transferee of William J. Alt, M.D., P.C., Transferor (docket No. 661-92), Rozlynde Miller Properties, Inc., Transferee of William J. Alt, M.D., P.C., Transferor (docket No. 664-92), Dolly's Services, Inc., Transferee of William J. Alt, M.D., P.C., Transferor (docket No. 669-92), Likeshore Leasing Co. (docket No. 670-92), Chadwick Gallery, Ltd., Transferee of Medico, Inc., Transferor (docket No. 671-92), General Finance Corp., Transferee of Medico, Inc., Transferor (docket No. 775-92), General Finance Corp., Transferee of William J. Alt, M.D., P.C., Transferor (docket No. 776-92), Fenwick Billing Agency, Transferee of William J. Alt, M.D., P.C., Transferor (docket No. 777-92), Basil Butler (docket No. 778-92), Beau Terraine, Transferee of Medico, Inc., Transferor (docket No. 780-92), Dolly's Services, Inc., Transferee of Medico, Inc., Transferor (docket No. 781-92), Karen Alt, a.k.a. Karen Butler (docket No. 782-92), Rozlynde Miller Properties, Inc., Transferee of Medico, Inc., Transferor (docket No. 783-92), Chesco Leasing Company, Transferee of William J. Alt, M.D., P.C., Transferor (docket No. 784-92), K. L. Financial Management, Inc., Transferee of William J. Alt, M.D., P.C., Transferor (docket No. 785-92), Matt Ames (docket No. 895-92), Karen Alt, Inc., Transferee of William J. Alt, M.D., P.C., Transferor (docket no. 909-92), K. L. Financial Management, Inc., Transferee of Medico, Inc., Transferor (docket no. 951-92), Chesco Leasing Company, Transferee of Medico, Inc., Transferor (docket no. 954-92), Robert Alt (docket no. 988-92), and William J. Alt (docket no. 991-92).↩
3. Gretchen Alt, Robert Alt, Matt Ames, and Basil Butler agreed to provide affidavits to respondent stating that they do not have any ownership interest in or control of any assets that were received from or transferred from petitioner William J. Alt (Dr. Alt) or any related entity. Based on those affidavits, respondent agreed to forgo any transferee liability against Gretchen Alt, Robert Alt, Matt Ames, and Basil Butler, unless it is later determined that they have an ownership interest in or control of assets transferred from Dr. Alt or a related entity.↩
1. For the years ended December 31, 1986 and December 31, 1987, the section is 6653(b)(1)(A), instead of as cited above.↩
2. For the years ended December 31, 1986 and December 31, 1987, the section is 6653(b)(1)(B), instead of as cited above↩
3. Fifty percent of the interest due on the deficiency from the due date of the return to the date of assessment of tax, or, if earlier, the date of payment.↩
4. At the same time, the Court also entered decisions in the other docket numbers on the basis of the Stipulation of Settlement, except in the case of Basil Butler, docket No. 778-92. His case was severed from the consolidated group and continued. On December 28, 1993, respondent's motion for default judgment was granted in his case, and decision was entered against him at that time.↩
5. See also DiSanza v. Commissioner, T.C. Memo. 1993-142, affd. without published opinion 9 F.3d 1538 (2d Cir. 1993); Himmelwright v. Commissioner, T.C. Memo. 1988-114↩.
6. In addition to the Stipulation of Settlement which was a global settlement covering all 28 consolidated cases, there was also a separate stipulated decision document agreed to by petitioners, which incorporated the terms of the settlement as to them. Similarly, there was a stipulated decision document in each of the other dockets except that for Basil Butler, docket No. 778-92. See supra↩ notes 2, 4.
7. Compare Billingsley v. Commissioner, 868 F.2d 1081, 1084 n.11 (9th Cir. 1989); Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir. 1988), affg. 86 T.C. 1319↩ (1986).