Guy Leonard PRINCE, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 94–3228.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 9, 1994.

Decided Jan. 27, 1995.

Michael D. Rossi (argued and briefed),
Guarnieri & Secrest, Warren, OH, for peti-
tioner-appellant.

Edmund A. Sargus, Jr., U.S. Atty. (ar-
gued), Robyn Jones (briefed), Office of U.S.
Atty., Columbus, OH, for respondent-appel-
lee.

Before: MERRITT, Chief Judge; and
NELSON and DAUGHTREY, Circuit
Judges.

DAUGHTREY, Circuit Judge.

Pursuant to the provisions of 28
U.S.C. § 2255, the petitioner, Guy Leonard
Prince, challenges the validity of the sen-
tence imposed upon him following his convic-
tion for conspiracy and illegal possession of a
firearm. Specifically, Prince alleges that the
district court should not have sentenced him
using provisions of the United States Sen-
tencing Guidelines because, he contends,
those guidelines were not yet in effect on
November 23, 1987, the date on which the
crimes for which Prince was convicted were
committed. For the reasons stated below we
disagree, and we therefore affirm the judg-
ment of the district court.

On November 23, 1987, Prince and his co-
defendants were arrested for conspiracy to
purchase cocaine and for possession of a
firearm during a drug-trafficking offense.
Upon conviction of those crimes, the petition-
er was sentenced to respective, consecutive
prison sentences of 121 months and 60
months. Additionally, Prince was sentenced
to three years of supervised release upon
completion of his prison term. After unsuc-
cessfully appealing the convictions and sen-
tences to this court, Prince filed a § 2255
motion to vacate his sentence. The district
court, however, denied the motion and dis-

missed the petition, holding, contrary to the position espoused by Prince, that the sentencing guidelines became effective on November 1, 1987. Consequently, the court determined that the provisions of the guidelines were properly applied to Prince's sentences for criminal acts committed after that effective date.

In his first attack on the applicability of the sentencing guidelines to his convictions, Prince maintains that those guidelines did not actually go into effect until at least December 1987. He buttresses his argument upon the preconditions in the Comprehensive Crime Control Act of 1984, the statute that provided for promulgation of the guidelines. Pursuant to those provisions, the guidelines could not become effective until: (1) Congress received from the Sentencing Commission an initial set of guidelines and a report stating the reasons for the recommendations, (2) a study of the impact of the guidelines was prepared and submitted to Congress by the General Accounting Office, and (3) six months had passed from the submission of the Sentencing Commission report to Congress in order to enable the legislative body to examine and study the report. Title II of House Joint Resolution 648, 98th Cong., 2d Sess.Pub.L. No. 98–473, §§ 235(a)(1)(B)(ii)(I)-(III), 98 Stat. 1837 (1984).

Prince argues that, although the Sentencing Commission submitted guidelines and policy statements to Congress on April 13, 1987, a later supplementary report was sent by the commission to Congress on June 18, 1987. Thus, contends the petitioner, the guidelines could not have become effective until at least December 18, 1987, six months from the submission of the supplementary report. This argument is, however, without merit. The June report to Congress did not restart the statutory waiting period for guideline effectiveness. Rather, that later report was, as it purported to be, merely a supplement to the original submission envisioned by § 235(a)(1)(B)(ii)(I). In fact, the supplementary report itself explicitly provided:

> The governing statute, Section 235(a)(1) of the Sentencing Reform Act of 1984, speaks of a report accompanying the initial guidelines "stating the reasons for the Commission's recommendations." It is the intent of the Commission that Chapter One *of the April 13 Sentencing Guidelines and Policy Statements, together with the included Commentary,* provide the basic information to comply with that legislative mandate. [Emphasis added.]

The Fifth Circuit Court of Appeals, when presented with an identical challenge to the application of the sentencing guidelines, also concluded that the April 13, 1987, submission to Congress, not the June 18, 1987, supplementary report, satisfied the preconditions of the enabling statute. As stated by the court in *United States v. Woolford,* 896 F.2d 99, 101 (5th Cir.1990), "Because there is no legislative history to indicate anything other than that the six month period was to begin running in April, we hold that the effective date of the guidelines is November 1, 1987." (Footnote omitted.) In the absence of *any* evidence or expression of intent that any Sentencing Commission submission other than the April 13, 1987, report to Congress was meant to satisfy the requirements of the Comprehensive Crime Control Act of 1984, we likewise hold that the effective date of the sentencing guidelines was November 1, 1987, and that Prince was, therefore, subject to sentencing pursuant to those guidelines for crimes committed on November 23, 1987.[1]

█ In his two other challenges to the applicability of the sentencing guidelines, Prince contends that even if those guidelines became effective on November 1, 1987, that initial effectiveness was delayed when the President signed the Sentencing Act of 1987, Pub.L. 100–182, 101 Stat. 1266 (1987), on

---

1. This court has consistently assumed that the guidelines became effective on November 1, 1987. *See, e.g., United States v. Pierce,* 17 F.3d 146, 150 (6th Cir.1994); *United States v. Alt,* 996 F.2d 827, 830 (6th Cir.1993); *United States v. Guardino,* 972 F.2d 682, 686 (6th Cir.1992); *United States v. Chambers,* 944 F.2d 1253, 1269 (6th Cir.1991), *cert. denied,* 502 U.S. 1112, 112 S.Ct. 1217, 117 L.Ed.2d 455 and —— U.S. ——, 112 S.Ct. 1680, 118 L.Ed.2d 397 (1992); *United States v. Barger,* 931 F.2d 359, 364 (6th Cir. 1991); *United States v. Sloman,* 909 F.2d 176, 182–83 (6th Cir.1990).

December 7, 1987. First, Prince notes that section 2 of the Sentencing Act of 1987 amends the language of § 235(a)(1) of the Comprehensive Crime Control Act of 1984 to provide that the guidelines "shall apply only to offenses committed after the taking effect of this chapter." Coupling that provision with the language of section 26 of the Act, which states, "The amendments made by this Act shall apply with respect to offenses committed after the enactment of this Act," Prince argues that the guidelines may be applied only to crimes committed after December 7, 1987, the date of enactment of the Sentencing Act of 1987. The amendment, however, does not alter the effective date of the guidelines, but merely clarifies the fact that *ex post facto* considerations necessitate application of the guidelines only to offenses completed after their effective date. *See, e.g., United States v. Tharp,* 892 F.2d 691, 693–94 (8th Cir.1989).

██ Prince also alleges that an amendment of 18 U.S.C. § 3583(b) made by the Sentencing Act of 1987 increasing the period of supervised release after conviction for certain felonies from two to three years should be construed to take effect on December 7, 1987, *after* commission of the crimes for which he was convicted. The petitioner thus argues that his supervised release period should be reduced from three to two years because his crimes were committed before the effective date of the amendment to 18 U.S.C. § 3583(b). This issue is also meritless, however. The supervised release limits of 18 U.S.C. § 3583(b) apply only if not "otherwise provided" by applicable statutes. Pursuant to the applicable provisions of 21 U.S.C. § 841(b)(1)(C), the statute under which Prince was convicted in this matter, "[a]ny sentence imposing a term of imprisonment under this paragraph shall ... impose a term of supervised release of a least *3 years* in addition to such term of imprisonment...." (Emphasis added.) Thus, regardless of the effective date of the amendment to 18 U.S.C. § 3583(b), the district court appropriately sentenced Prince to three years of supervised release after completion of his prison term pursuant to the superseding requirements of 21 U.S.C. § 841(b)(1)(C).

Our examination of the various submissions by the Sentencing Commission to Congress leads us inexorably to the conclusion that the statutory prerequisites for application of the sentencing guidelines to federal crimes were met by November 1, 1987. We therefore join the Fifth Circuit in expressly holding that the guidelines became effective on that date and AFFIRM the judgment of the district court in this case.