48 F.3d 1217
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Doldridge HARRISON, a/k/a Mister, Defendant-Appellant.
 No. 95-6016.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 16, 1995
Decided: March 7, 1995
 
 Doldridge Harrison, Appellant Pro Se.
 John H. Reed, Assistant United States Attorney, Wheeling, WV, for Appellee.
 Before HALL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Doldridge Harrison appeals the district court's order, adopting the recommendation of the magistrate judge, to deny relief on his motion filed pursuant to 28 U.S.C. Sec. 2255 (1988). Because we find that the sentencing court erred in imposing the original term of supervised release, we vacate and remand for resentencing.
 
 I.
 
 2
 Harrison pled guilty to distributing crack cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981 & Supp.1994). In March 1991, the court sentenced him to thirty months imprisonment to be followed by a supervised release term of four years, ordered him to pay a $2000 fine, and imposed a $25 special assessment.[1] Harrison appealed his sentence and argued that the district court departed upward to criminal history category VI without justification and failed to determine the accuracy of disputed information in the presentence report. This Court affirmed the district court judgment in United States v. Harrison, No. 91-5154 (4th Cir. Nov. 13, 1991) (unpublished).
 
 
 3
 Harrison served his prison term, but while on supervised release, he violated the conditions imposed by the district court. After a hearing, the district court revoked Harrison's supervised release and sentenced him to a sixteen-month prison term, which was one-third of the original four-year supervised release term as required by 18 U.S.C.A. Sec. 3583(g) (West 1985 & Supp.1994). Harrison did not appeal the revocation sentence.
 
 
 4
 Harrison then filed this section 2255 motion and sought to reduce the revocation sentence from sixteen to twelve months by challenging the imposition of the original four-year supervised release term. He argued that he should have received only three years of supervised release because 18 U.S.C.A. Sec. 3583(b)(2) (West 1985 & Supp.1994), limited the supervised release term for a Class C felony to not more than three years, even though 21 U.S.C.A. Sec. 841(b)(1)(C) (West 1981 & Supp.1994), imposed a term of "at least [three] years." The Government responded to Harrison's motion and contended that the original four-year supervised release term was proper because section 841(b)(1)(C) was not limited by section 3583(b).
 
 
 5
 The magistrate judge reviewed Harrison's motion, the Government's response, and Harrison's reply and acknowledged that unless the "except as otherwise provided" language in section 3583(b) exempted section 841(b)(1)(C) from its provisions, "the only permissible period of time for a supervised release is three years." (R. Vol. 1, No. 61 at 3). The magistrate judge did not make a recommendation as to whether the four-year supervised release term was proper. Harrison filed specific objections to the magistrate judge's report. The district court conducted de novo review and concluded that section 3583(b) "does not limit the term of supervised release when the term is provided by section 841(b)(1)(C)." (R. Vol. 1, No. 63 at 5). The district court reasoned that the language "at least [three] years" in section 841(b)(1)(C) provided the minimum term to be imposed and that "it is illogical to assume that Congress intended to limit the period of supervised release to a maximum of three years under [section] 3583(b)." (Id.). Thus, the district court adopted the magistrate judge's recommendation and denied Harrison's section 2255 motion.
 
 II.
 
 6
 Harrison argued that the original four-year term of supervised release was improper because it exceeded the statutory maximum. Harrison contended that he should be resentenced to a three-year term of supervised release which, in turn, would reduce to twelve months the sixteen-month sentence imposed after the revocation of his supervised release.[2] Harrison pled guilty to distributing crack cocaine and was sentenced to thirty months imprisonment and four years of supervised release. His conviction is a Class C felony. See 18 U.S.C.A. Sec. 3559(a)(3) (West 1985 & Supp.1994). Section 841(b)(1)(C) requires the district court to "impose a term of supervised release of at least [three] years in addition to [a] term of imprisonment." 21 U.S.C.A. Sec. 841(b)(1)(C) (emphasis added). Section 3583(b) sets the maximum period of supervised release: "Except as otherwise provided, the authorized term[ ] of supervised release [is] ... for a Class C ... felony, not more than three years." 18 U.S.C.A. Sec. 3583(b)(2) (emphasis added). Therefore, the maximum and minimum supervised release term for Class C felonies is three years.[3] See United States v. Good, 25 F.3d 218 (4th Cir.1994) (holding that 18 U.S.C.A. Sec. 3583(b)(1) (West 1985 & Supp.1994), sets the maximum term of supervised release that may be imposed under 21 U.S.C.A. Sec. 841(b)(1)(B) (West 1981 & Supp.1994)).
 
 III.
 
 7
 Accordingly, we vacate the district court's order and remand for the district court to resentence Harrison based on a three-year term of supervised release which, in turn, affects the minimum sentence to be imposed under section 3583(g).[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The Government filed a motion for reduction of sentence pursuant to Fed.R.Crim.P. 35(b). The district court granted the motion and reduced Harrison's term of imprisonment to 24 months
 
 
 [2]
 Although Harrison did not challenge the imposition of his original four-year term of supervised release on direct appeal, we find that his claim is properly before this Court. See United States v. Wynn, 987 F.2d 354, 359 (6th Cir.1993) ("Sentencing [Harrison] beyond the statutory maximum plainly violated his right to due process under the [F]ifth [A]mendment to the United States Constitution."); United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir.1993) (holding that government's failure to argue for cause-and-prejudice review under United States v. Frady, 456 U.S. 152, 166, 167-68 (1982), when movant failed to appeal waives issue and allows appellate court to reach merits), cert. denied, 62 U.S.L.W. 3640 (U.S.1994)
 
 
 [3]
 We note that the district court's position that the "except as otherwise provided" language of section 3583(b) provided for periods of supervised release that exceeded periods set forth in section 3583(b) because they were authorized by another statute--namely, section 841(b)(1)(C)--has been adopted by other circuit courts. See Prince v. United States, --- F.3d ----, No. 94-3228, 1995 WL 29391, at * 2 (6th Cir. Jan. 27, 1995); United States v. Mora, 22 F.3d 409, 412 (2d Cir.1994); United States v. LeMay, 952 F.2d 995, 998 (8th Cir.1991)
 
 
 [4]
 We deny Harrison's motion for bail pending appeal. See Aronson v. May, 85 S.Ct. 3 (1964); Lee v. Jabe, 989 F.2d 869, 871 (6th Cir.1993); Gomez v. United States, 899 F.2d 1124, 1125 (11th Cir.1990); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir.1974). We also deny Harrison's motion to expedite the appeal as moot