103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Guy Leonard PRINCE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3051.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1996.
 
 Before: MERRITT, KENNEDY, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Guy Leonard Prince, a federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Prince was charged with one count of conspiring to possess with intent to distribute cocaine and one count of carrying a firearm during and in relation to a drug trafficking offense. Jewelry worth almost $15,000, which was seized from him at the time of his arrest, was administratively forfeited as drug proceeds on June 15, 1988. After a jury found Prince guilty on both counts, the district court sentenced him on November 18, 1988, to a total of 181 months in prison and three years of supervised release. This court affirmed his conviction on direct appeal. Prince filed a previous unsuccessful motion to vacate, challenging the application of the Sentencing Guidelines to his case. See Prince v. United States, 46 F.3d 17 (6th Cir.1995).
 
 
 3
 In his present motion, Prince presented two grounds for relief: (1) his criminal conviction in addition to the forfeiture of his jewelry violated the Double Jeopardy Clause, and (2) counsel rendered ineffective assistance by failing to raise this issue on direct appeal or in the first § 2255 motion. The district court denied Prince's motion to vacate in an opinion and order entered on November 21, 1995, after concluding that relief was not warranted because Prince had failed to timely contest the forfeiture of his personal property and because the forfeiture of drug proceeds did not constitute punishment within the meaning of the Double Jeopardy Clause. On appeal, Prince continues to argue the merits of his double jeopardy issue.
 
 
 4
 Upon review, we affirm the district court's order because the administrative forfeiture of Prince's jewelry did not place him in jeopardy within the meaning of the Double Jeopardy Clause.
 
 
 5
 The district court, applying the law in effect at the time of its decision, properly concluded that the administrative forfeiture of Prince's property, to which Prince had failed to file a timely claim, did not trigger double jeopardy protections. See United States v. Baird, 63 F.3d 1213, 1217-18 (3d Cir.1995), cert. denied, 116 S.Ct. 909 (1996). In addition, this court had held that the forfeiture of drug proceeds did not constitute punishment for double jeopardy purposes. United States v. Salinas, 65 F.3d 551, 553 (6th Cir.1995).
 
 
 6
 More importantly, however, Prince's double jeopardy issue has been completely foreclosed by the Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2135 (1996). The Court expressly held in that decision that "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Id. at 2139.
 
 
 7
 Accordingly, the district court's order, entered on November 21, 1995, is affirmed.